OPINION of the Court, by
Ch. J. Eoyi.e. —
Calk ggjj t0 Poage 290 acres of land, for which he gave his bonds, conditioned to convey, with a covenant to relund, át the rate of two dollars per acre, if the whole or any Parc i'16 hind should be lost. Stephens having purchased from Poage and taken an assignment of Calk’s, bonds without recourse to Poage, cold to Peebles and assigne(l t0 him the. bonds upon Calk, for which Pee-bles agreed to give 1000/. ; 400/. of which he paid, and executed his obligation for the payment of the balance in one and two years. Upon these obligations Stephens brought suits and recovered judgments at law ; to «tay proceedings upon which, Peebles filed this bill. He alleges that Stephens fraudulently represented the land to be clear of dispute, except in a small part by a claim oí very inferior dignity’, when in fact he well knew that there were several other interferences with, elder patents, which covered thq whole, or the greater part of the land. He prays for a rescisión of the contract, a repayment of the amount advanced by him, and an injunction to stay proceedings upon the judgments at law. Stephens in his answer admits in substance the .terms 0# the contract as stated in the bill, but insists that the contract on his part was fair and without fraud, and denies that he knew of any interference except with the claim of which he informed Peebles prior to his purchase.
Upon a final hearing the court below dissolved the injunction and dismissed the bill with damages and costs. From that decree Peebles has prosecuted this appeal. ■
In .deciding whether the contract in this case was fraudulent or not, we shall not take into consideration the interfering claim‘of which the appellant was informed by the appellee previous to entering into the contract: for although the representation made by the appellee as" to the nature and extent of that claim, was not perhaps perfectly correct, yet as the testimony upon this point is but vague and inconclusive, we would not think it' sufficient to avoid the contract, if it were in other respects unexceptionable. But the fact is incontrovertibly established, that the balance of the tract which was *325 the subject of the contract, and indeed almost the entire tract, is covered by two other adverse patents, elder than that of'Calk, under whom the appellee derived his title. That he knew of the existence of these claims anterior •to the contract in question, is, notwithstanding the denial of. it in,his answer, very satisfactorily proven. Two witnesses, whose characters are unimpeached, depose to the fact; and their testimony is not only uncon-tradicted by any other evidence in the cause, but is' strongly fortified by the nature of the transaction and the circumstances of the case. Whether the appellee ' actually represented the tract sold as being clear of such interferences, or knowing of them concealed them from the appellant, is not material: for the suppression of the truth is, as well as the suggestion of a falsehood, sufficient to vitiate a contract. The former as well as the latter is a violation of the principles of good faith. It proceeds from the same motives and is attended with the same consequences ; and the motives and consequences of an action are the only criteria of its merits or demerits, both in law and in ethics. That the appel-lee did not disclose to the appellant these interferences, is evident. He does not even allege that he did so : on the contrary, he denies, in opposition to what the evidence establishes to be the fact, that he himself knew*? of their existence. The inference is therefore clear that he did not make such a disclosure to the appellant. If it had been made, we cannot doubt that it would have totally prevented the contract, or essentially changed its terms : for no rational or prudent man would give the áame for a tract of land covered with elder patents held by adverse claimants, that he would if it were not subject to such incumbrances.
The circumstance that the appellant agreed to look to Calk for his indemnity in case the' land should be i lost, can certainly afford no excuse to the appellee for, concealing the interfering claims. This circumstance, as the indemnity provided is evidently a very inadequate ©he, only proves,'at the same time that the • fact, of concealment is rendered more probable, that it is more prejudicial to the appellant. Good faith is essential to the validity of all contracts,1 Not less so in contracts where I the vendee undertakes to risk the title, than in contracts | «f a different description.
*326 We are therefore of opinion that the contract shoulct be rescinded, the assignment from the appellee to the appellant cancelled, the bonds upon Gaik given up, and the possession of the tract of land restored to the ap-' pellee ; that the appellant account for the rents and profits of the land while he shall have had the possession thereof, deducting therefrom the value of such lasting and valuable improvements as he may have made thereon ; and that the appellee repay to the appellant the sum paid by him as a part price of the land, with interest thereon at the rate of six per centum per annum from the time of payment; and that the injunction to stay proceedings upon the judgments at law be made perpetual.
T he decree of the court below must be reversed with costs, and the cause remauded that a decree may: be entered agreeably to the foregoing opinion.