### William A. Harvey *v.* A. J. James, et al.

**Rescission of Contract for Fraud.**

Where the vendor of mortgaged real estate has reason to believe, notwithstanding the mortgage is recorded, that the vendee is making the purchase believing the title clear of encumbrance, and would not purchase it if he knew of the existence of the mortgage debt, the silence of the vendor is a fraud upon the vendee, and rescission of the contract of purchase should be decreed.

APPEAL FROM BARREN CIRCUIT COURT.

March 1, 1879.

OPINION BY JUDGE HINES:

The complaint here is of that portion of the judgment below rescinding the sale made by appellant to appellee. The mortgage lien of Cummings on the mill property sold by appellant to appellees was clearly unknown to appellees at the time of their purchase. The inquiry is whether it was the duty of appellant, under the circumstances, to make known the existence of the mortgage, notwithstanding it was of record?

If appellant had reason to believe that appellees were making the purchase of the mill property, believing the title clear of encumbrance, and they would not have purchased if they had known of the existence of the mortgage debt, his silence was a fraud upon appellees for which a rescission should have been decreed. It is manifest from the price to be paid by appellees, from the terms of payment and the amount of the mortgage debt that appellees were in ignorance of Cummings' claim, and that if they had had knowledge of it they would not have purchased without making some disposition of it. We also think that the evidence is almost conclusive that appellant knew that by his silence in regard to the mortgage debt he was misleading appellees to their prejudice. *Peebles v. Stephen,* 3 Bibb 324; *Kennedy v. Johnson,* 2 Bibb 12.

The evidence strongly tends to show that appellant knew that the name of one of the sureties to the bond given by appellee had been signed twice. One of the appellees testifies that he called appellant's attention to the fact when the bond was delivered, and offered to tear off the last name, but that appellant said it made no difference. It does not sufficiently appear that appellant was misled by appellees as to the solvency of the sureties on the bond, or that his relation to the property or to appellees was in any way changed by reason of any fraud or misconduct of appellees. Appellees were under no obligation to accept Cummings as their debtor instead of appellant, except upon such terms as they might demand; and the evidence is that they proposed to continue payments to Cummings on condition that he would first release his mortgage, which he refused to do.

Appellees are not estopped by consenting to the assignment of their bond to Cummings to raise the question of fraud in the sale. The weight of evidence is that they consented upon the condition that Cummings would release his mortgage and be substituted to all the contract rights of appellant, and not that they agreed to a new contract with different terms and more stringent liability.

Taking everything into consideration, it appears that the chancellor, in his decree rescinding the sale and directing the master to take account of rents and payments with a view of adjusting the accounts between the parties hereto, has pursued the course most likely to reach substantial justice in the matter. His opportunity for knowing the parties and their relation to each other being so far superior to ours entitles his opinion on the evidence to the greater consideration.

Judgment *affirmed.*

*J. H. Rousseau, T. T. Doty, for appellant.*

*Leslie & Botts, for appellees.*