tiff, upon an intimation from the court, of their opinion on that point, gave up the claim of difference between the old and new duties.

Verdict for plaintiff.

MERRICK COUNTY (UNION PAC. R. CO. v.). See Case No. 14,383.

## Case No. 9,465.

### In re MERRIFIELD.

[3 N. B. R. 98 (Quarto, 25).] [1]

District Court, S. D. New York. June 14, 1869.

BANKRUPTCY—ASSIGNEE—RENT—VERBAL LEASE—POSSESSION SURRENDERED.

Bankrupt held his store on a verbal lease, terminating May 1, 1869, for sixteen hundred dollars per annum and taxes. On December 26, 1868, he surrendered his stock of goods to the register, and delivered to him the key of his store. The register turned the same over to the assignee, March 2, 1869, and on the 25th of March the goods therein were sold by the assignee's order. On the 1st of February, the landlord executed another lease to a stove company. Toward the end of April applications were made to the assignee for the key, and he immediately delivered it up. The store had been unoccupied by the assignee after the 1st of April, and he was ignorant of the owner and of the second lease. The landlord claimed rent from December 26, 1868, to February 1, 1869, and the stove company claimed rent at the rate of two thousand dollars per annum from February 1, 1869, to May 1, 1869. *Held,* the assignee should only pay rent at the rate of sixteen hundred dollars per annum to April 1, 1869.

[Cited in Ex parte Faxon, Case No. 4,704; Re Dunham, Id. 4,145; Re Ten Eyck, Id. 13,-829; Re Hufnagel, Id. 6,837; Central Trust Co. v. Wabash, St. L. & P. Ry. Co., 34 Fed. 267.]

The bankrupt [Truman Merrifield] filed his petition December 26th, 1868, at which time he had a stock of goods at No. 230 Water street, which premises he occupied under a verbal lease from B. Stephens and others from May 1st, 1868, to May 1st, 1869, at a rent of sixteen hundred dollars a year, and the taxes on the property. Upon filing his petition, the bankrupt surrendered his property to the register, John Fitch, and delivered to him the key of said store, and the register thereupon placed a man in charge of the property. After the appointment of an assignee on the 27th day of February, 1869, the person in charge of the stock of goods, by direction of the register, delivered the key to the assignee (March 2d, 1869), who sent the same to an auctioneer, with directions to take possession of and sell the said stock of goods. The said auctioneer immediately proceeded to take an inventory of stock, and the same was sold on the 25th day of March, 1869, and the goods immediately afterwards were removed. The possession of the premises could have been delivered to anybody who required the same on or at any time after the 1st of April; but it was not until the last week in

April that application was made to the assignee for the keys of the place, when they were immediately delivered. The store had been unoccupied by the assignee since the 1st of April. The assignee was not, at the time of his appointment, nor until the end of April, aware who was the landlord of the building, or entitled to the rent. The owners of the building made a written lease, on the 1st of February, to the Barstow Stove Company, to rent the said premises, No. 230 Water street, to them at the rate of two thousand dollars a year, of which arrangement the assignee had no knowledge, and no application was made by the Barstow Stove Company to him for the possession of the said premises until the last week of April, when they were immediately delivered. The owners, B. Stephens and others, claim to be paid by the assignee the rent of said premises, from the 26th day of December, 1868, to the 1st of February, 1869, at the rate of sixteen hundred dollars a year, amounting to one hundred and fifty-five dollars and fifty-five cents. The Barstow Stove Company claim to be paid by the assignee the full rent of the said premises for the three months of February, March, and April, at the rate of two thousand dollars a year, or five hundred dollars.

It is hereby stipulated and agreed that the foregoing statement of facts may be submitted to the court for its decision as to the liability of the assignee to pay the rents claimed.

E. M. Willett, for claimants.

C. W. Bangs, for John Sedgwick, assignee, etc.

BLATCHFORD, District Judge. I think that the assignee ought to pay rent for the store from December 26th, 1868, to April 1st, 1869, at the rate of sixteen hundred dollars per annum, and for no other period, at any rate.

MERRIL (SOHIER v.). See Case No. 13,-158.

## Case No. 9,466.

### In re MERRILL.

[9 Ben. 165; 16 N. B. R. 35; 24 Pittsb. Leg. J. 205.] [1]

District Court, D. Vermont. May 24, 1877.

BANKRUPTCY—PROOF OF DEBT — EVIDENCE—WITNESS—INTEREST.

1. Where a creditor offered himself as a witness before the register to prove the contract under which he alleged right to prove a claim against the bankrupt's estate, the bankrupt being then dead: *Held,* that such witness could not be excluded on the ground of interest, under the Revised Statutes.

2. The proof of debt is a proceeding in rem and not an action against the bankrupt or his

---

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission. 24 Pittsb. Leg. J. 205, contains only a partial report.]