CASE 84.—ACTION BY JOE TORAIN BY NEXT FRIEND AGAINST E. C. TERRILL, FOR DAMAGES FOR AN ASSAULT AND BATTERY.—May 4.

## Torain v. Terrell

Appeal from McCracken Circuit Court.

D. H. HUGHES, Special Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

1. Pleading—Matters of Evidence—Statements as to acts of plaintiff and defendant after the assault sued for, which

Torain v. Terrell.

are mere matters of evidence, are properly stricken from the petition.

2. Same—Amendment—Refusal of permission to file an amended petition, merely setting forth in more elaborate form matters of evidence stricken from the original petition, is proper.

3. New Trial—Cumulative Evidence—The chief controversy in an action for assault being whether defendant shot in self-defense, he testifying that plaintiff caught him by the throat and ran his other hand into his pocket for a pistol or knife, and plaintiff, corroborated by his witnesses, testifying that he had no pistol or knife and did not put his hand in his pocket as if to draw a weapon, and that defendant attacked him, defendant is properly granted a new trial for newly discovered testimony of witnesses that soon after the difficulty plaintiff told them that he began the trouble and ran his hand into his pocket, having a knife therein, and that defendant did no more than he ought to have done; this not being cumulative evidence, or at least not such as does not authorize the granting of a new trial.

4. Trial—Right to Conclude Argument—Burden of Proof—Where the petition in an action for assault and battery, setting out but one assault and battery, alleges that defendant struck as well as shot plaintiff, and the answer denied the striking and, while admitting the shooting, justified it on the ground of self-defense, the burden of proof on the whole case is on defendant, so as to entitle him to conclude the argument.

5. Discretion of Court—Applications for new trials are addressed to the sound discretion of the court to be exercised according to the rules and usages of law, and the court should regard the substantial justice of the case equally remote from favoring negligence or exacting unreasonable diligence.

HENDRICK, MILLER & MARBLE for appellant.

We submit that the record shows the following errors to the prejudice of appellant:

1. Error in striking matter from the original petition.

2. Error in refusing to allow amended petition to be filed.

3. Error in setting aside first verdict and granting appellee a new trial.

4. Error in refusing to allow appellant to open and close the case.

5. Error of the court in granting and refusing instructions.

6. Error in admitting and rejecting evidence.

Torain v. Terrell.

7. Error in not sustaining appellants motion for a new trial, because the verdict is contrary to the evidence.

IRA JULIAN and BAGBY & MARTIN for appellee.

### POINTS AND AUTHORITIES.

1. Response to alleged errors (1) and (2), in appellant's brief, touching the motion to strike from original petition, and refusal to file an amended petition. (Sec. 12, Ky. Statutes; Bonte v. Postel, 22 Ky. Law Rep., 583.)

2. The contention by appellant that the court erred in granting the new trial. (See argument and authorities cited in brief for appellee, by Bagby and Martin, attorneys herein.)

3. Reply to appellant's argument that the court erred in refusing him the burden of proof and closing argument. (Civil Code sections 317-525; Phillips v. Mann, 19 Ky. Law Rep., 1705; Walls v. Robb, 15 Ky. Law Rep., 159; Crabtree v. Atchison, 12 Ky. Law Rep., 749; Jenkins v. Jenkins, 19 Ky., 327; Caskey v. Lewis, 54 Ky., 27.)

4. "Granting and refusing instructions." (Abandoned by appellant's counsel.

5. Error in admitting and rejecting evidence. (Hendrickson v. Commonwealth, 23 Ky. Law Rep., 1191; Lewis v. Com., 19 Ky Law Rep., 1139; Wilson v. Com., 23 Ky. Law Rep., 1044; Johnson v. Com., 22 Ky. Law Rep., 1885; Riley v. Com., 94 Ky., 266.)

6. Argument of appellant that verdict is contrary to the evidence wholly fails to show that the verdict was "palpably" or "flagrantly," or at all, contrary to the evidence.

### ADDITIONAL AUTHORITIES CITED.

Abbotts Trial Brief, page 285;. Bouvier's Law Dictionary: Black's Law Dictionary; Websters International Dictionary; 14 Ency. of Pleading and Practice, page 818 (notes); 8 Am. and Eng. Ency. of Law, page 476 (notes); 8 Am. and Eng. Ency. of Law 477 (notes); Adams Oil Company v. Stout, 19 Ky. Law Rep., page 758; Owsley v. Owsley, 25 Ky. Law Rep., page 1192; Haggin v. Christian, 8 Ky., 579.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Joe Torain, a young man 19 years of age, by next friend, instituted this action to recover

of appellee, E. C. Terrell, damages for an assault and battery alleged to have been committed upon him by the latter. There were two trials of the case. On the first trial the jury returned a verdict in favor of appellant for $1,000. This verdict was set aside, and a new trial granted appellee. The second trial resulted in a verdict and judgment for appellee. Appellant then asked a new trial, which was refused, and he has appealed.

Appellant's first complaint is that the lower court erred in striking from his petition, at appellee's instance, a paragraph relative to certain acts of the latter and some of his servants, and to the flight of appellant from their presence; all occurring after the alleged asasulting and shooting of appellant complained of. We perceive no reason for sustaining this contention. The paragraph in question was properly stricken from the petition. Its recitals were mere matters of evidence, proper to go to the jury as such but out of place in the petition, the office of which is to set forth the facts constituting the plaintiff's cause of action, and not the evidence by which they are to be established.

Appellant also complains that the lower court improperly refused to permit the filing of the amended petition offered by him. As the amended petition only set forth in more elaborate form the matters of evidence pleaded in the paragraph stricken from the original petition, it was properly rejected.

The further complaint is made by appellant that it was error to grant appellee a new trial. We also think this contention untenable. The new trial was granted on account of newly discovered evidence, and

in order to determine the character and materiality of the newly discovered evidence it will be necessary to understand what the issues were, and what evidence was introduced thereon by the parties on the first trial. The petition alleges, in substance, that appellee committed the assault and battery complained of by striking appellant in the face with his first, a pistol, and by shooting and wounding him in the stomach with a pistol. The answer denies that appellee struck appellant with his first, or with a pistol, but admits the shooting and wounding, averring, however, that it was done in self-defense.

The evidence introduced in appellant's behalf was to the effect that appellee went into a room where appellant, who was in his employ as a farm hand, was, and asked him if he and Harry Williams, another farm hand, had unloaded some corn they had just hauled in, and, directing them to go on to work, started to leave the room, outside and near the door of which his partner, Flournoy, was standing; that upon reaching the door appellee heard appellant say he had not had his dinner and was not going to work until he got his dinner; that Terrell, becoming angry at this, stepped back into the room and struck appellant in the face, and, being pushed away by the latter, drew his pistol and shot him; that appellant had at the time neither pistol or knife, and did not put his hand into his pocket as if to draw a weapon. Upon the other hand, appellee's version of the difficulty was that, when he asked appellant if he had unloaded the corn, and told him if he had to go on to work, appellant, said, in an angry manner and with an oath, that he was not going to work until he got his dinner, and that upon this statement appellee began

to remonstrate with him about his conduct, where-upon appellant immediately caught him by the throat or clothing, and ran his other hand in his pocket for a pistol or knife, seeing which, and fearing death, or great bodily harm, at appellant's hands, appellee shot and wounded him. Appellee was in some measure corroborated by Flournoy, but by nobody else, as to what occurred at the time; but appellant and some of his witnesses testified that Flournoy was not present, or in a position to see or hear what passed between appellant and appellee. Upon the whole the testimony on the first trial preponderated in appellant's favor.

The newly discovered evidence upon which the lower court granted appellee a new trial is shown by the affidavit of the latter, and those of Hurley and Austin. According to the affidavit of Hurley he had a conversation with appellant in Paducah soon after he was shot by appellee, in which appellant in effect admitted he began the difficulty, as he "jumped up and grabbed Terrell, and run his hand in his pocket; that when he did this he had a knife in his hand, but did not draw it;" that just at this time his brother, Tom Torian, ran around the table, and he reckons this is the reason that Mr. Terrell shot him; that he grabbed Mr. Terrell and pulled him up so close to him that he did not see the pistol, but simply heard the report. From Austin's affidavit it appears that in the spring, after appellant had been shot by appellee, he heard appellant, in a conversation with others at the corner of Fourth and Broadway streets, in Paducah, tell him "that he reckoned if the truth was known Mr. Terrell did right when he shot him, and that he did no more than he ought to have done."

From the affidavit of appellee it is apparent that he did not learn of what Hurley and Austin would state until after the first trial, and as they both stated in their respective affidavits that they did not communicate what they had heard appellant say to appellee, or any one, until after the first trial, it was impossible that the latter could have heard or known what they knew or would state in his behalf until after the first trial. It was conclusively shown, therefore, that no sort of diligence on appellee's part would have enabled him to discover the new evidence before the witnesses themselves revealed it to him.

It is insisted for appellant that the testimony of these witnesses was only cumulative, and for this reason the granting of the new trial was unauthorized. If appellant had a knife in his pocket and was attempting to draw it when shot by appellee, as Hurley heard him say, that fact was of great importance, and was one to which appellee was unable to testify, as he did not see it. At most he could only say that he believed appellant had a knife with which he intended to cut him, as he saw him put his hand in his pocket before he shot him. Nor did he have a witness other than himself by whom he could prove appellant had a knife. Flournoy was not near enough or in a position to see it, or to see that appellant put his hand in his pocket before appellee shot him, or that he had it in his pocket. It is likewise true that the admission of appellant in the hearing of Austin that appellee did right in shooting him had never been made by him to any other of appellee's witnesses, and of necessisty he could not have proved it by any other witness at the first trial. For the foregoing reasons, it cannot fairly be said

that the newly discovered evidence was not material, or that it was purely cumulative. By Bouvier and Webster cumulative evidence is thus defined: "Tending to prove the same point to which other evidence has been offered." Black's Law Dictionary defines it as: "Additional or corroborative evidence to the same point; that which goes to prove that which has already been established by other evidence." Evidence cannot be regarded cumulative merely because it tends to establish the same ultimate fact or principle controverted. Cumulative evidence is further or additional evidence of the same kind to the same point. To illustrate: If any witness on the first trial had testified that he had heard appellant make the admission shown by Hurley's affidavit, or on the trial appellant, upon being asked if the admission had been made by him to Hurley, confessed that he had done so, then the affidavit or testimony of Hurley as to such admissions would be more evidence of the same kind to the same point. But there was no evidence whatever offered in the first trial by either appellant or appellee on this point.

The rule that newly discovered evidence which is merely cumulative is not ground for a new trial allows of some exceptions. For instance, the rule does not apply if the nely discovered evidence, though cumulative, is sufficient to render clear that which was before a doubtful case, or if it is of a conclusive or decisive character, or of so controlling a character it would probably change the verdict. 8 A. & E. Ency. of Law, 477; Adams Oil Co. v. Stout, 41 S. W., 563; 19 Ky. Law Rep., 758; Owsley v. Owsley, 117 Ky., 47; 77 S. W., 397; 25 Ky. Law Rep., 1191. Applications for new trials are addressed to the

sound discretion of the court, to be exercised according to the rules and usages of law, and the court should regard the substantial justice of the case, equally remote from favoring negligence or exacting unreasonable diligence The facts that the witnesses on whose affidavits the new trial was granted testified on the last trial, that no effort was made to impeach or discredit them, and that the jury found in favor of appellee, demonstrate the materiality of their testimony and the weight given it by the jury.

Another contention of appellant is that the court erred in adjudging on the two trials of the case that the burden of proof was on appellee, and in permitting his counsel to conclude the argument. This contention rests upon the assumption that as the petition alleges the striking of appellant by appellee with his first and a pistol, as well as that he shot and wounded him, and the striking was denied by the answer, which only admitted and justified the shooting, this state of the pleadings placed the burden of the whole case on appellant, which entitled him to the concluding argument, as provided by sections 317-525, Civ. Code Prac. Fairly construed, the pleadings do not authorize this conclusion. The petition sets out but one asasult and battery. This was done with unnecessary detail. It would have been sufficient if the petition had alleged that appellee unlawfully assaulted, beat, and shot appellant. The gravaman of the action was the shooting of appellant by appellee without cause, and it was unnecessary to allege every detail of the transaction which could be proved as a matter of evidence on the trial as a part of the res gestæ and in aggravation of the wrong complained of. The answer not only admitted the shooting and

wounding of appellant, but pleaded son assault demesne, and in addition the cause and facts of the shooting, concluding with, in substance, the averment that the acts of justification relied on constituted one and the whole transaction and alleged wrong complained of by appellant. If the act of shooting was disconnected from any other act constituting the wrong complained of, appellant should in his reply, or by an amended petition and a new assignment, have alleged facts showing that the striking with the fist or pistol constituted a separate and distinct trespass, independently of the shooting, or that what might have justified the one, would not the other. This he did not do. We are of the opinion that under the issues made by the pleadings what would have justified the shooting would have justified any and all other acts of appellee involved in the alleged trespass. This was also fully demonstrated by the evidence, for acocrding to all the facts, if appellee acted in his necessary self-defense in shooting appellant, the same was true as to his every other act done or committed at the time. On the whole case, the burden of proof was on appellee, and the trial judge made no mistake in so deciding.

There were, in our opinion, no errors committed by the lower court to appellant's prejudice in the admission or rejection of evidence, and no complaint is made of the instructions. Wherefore, the judgment is affirmed.