## 'Burchett v. Blackburn.

(Decided November 15, 1910.)

## Appeal from Pike Circuit Court.

New Trial—Delay in Entering Judgment—Agreed Order for Division of Land.—Where the proof is conclusive that a case had been submitted to the court at the May term of the court, which then tried it out and announced the judgment it would render, but at the request of the attorney of the other party, the court agreed to hold up his judgment so as to give him an opportunity to buy out his sister's interest in the land in controversy, when at the next term it was ascertained that he had not bought his sister's interest, the court properly entered a judgment directing a division of the land as agreed at the former May term, and dismissed appellant's motion for a new trial.

P. B. STRATTON for appellant.

J. M. ROBERSON for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

William Burchett died in the year 1874, a resident of Pike county leaving a number of children suviving him, among whom were Elizabeth Blackburn and William H. Burchett. In September, 1889, Elizabeth Blackburn and some of the other children instituted an action against W. H. Burchett in the Pike circuit court alleging that their father owned at his death a certain tract of land, and praying that it be divided among the children. W. H. Burchett filed an answer in which he claimed the land as his own. The pleadings were made up and the case dragged along on the docket until August 31, 1905, when it was submitted. On May 24, 1907, and at the May term of the court the judge announced from the bench that he had reached the conclusion to render a judgment ordering a division of the land. The contest had then narrowed down to one between Elizabeth Blackburn and W. H. Burchett, the other children having sold out or relinguished their claims. When the court made this an nouncement J. M. York, who represented W. H. Burchett, requested the court to hold up entering the judgment until the next term of the court in order to give Burchett an opportunity to purchase the interest of Elizabeth Blackburn in the land, agreeing that if the court would postpone entering the judgment until the next term, he would make no further objection to the judgment, if W.

H. Burchett could not purchase the interest of Elizabeth Blackburn by that time. At his importunity the court held up the judgment, and this order was entered:

"This cause having been submitted for judgment on the pleadings and proof, and the court is of the opinion that the land ought to be divided, but the defendant W. H. Burchett made a proposition in open court to purchase the interest of the plaintiff at a fair price, if plaintiff, Elizabeth Blackburn would sell her interest; thereupon on motion the cause was continued until the next term of this court in order to allow said defendant the opportunity to make said purchase, but if he fails to make said purchase at a fair price on or before the first day of the next October term of this court, then it is agreed by the defendant that the said land shall be divided, and a judgment to that effect shall be entered and the cause is continued."

Burchett failed to purchase the interest of his sister and at the May term, 1908, a judgment was entered directing a division of the land. On June 29, 1908, Burchett filed this suit in which he set up the proceedings in the former action, alleging that the judgment had been entered therein by consent of his attorney, that he had given his attorney no authority to consent to the entry of a judgment and that he had known nothing of the agreed order above quoted until the May term of the court in the year 1908. He prayed that the judgment entered at the May term of the court be set aside, and that the case of Blackburn v. Burchett be tried out on the merits. The allegations of the petition were denied by an answer, proof was taken and on final hearing the circuit court refused to set aside the judgment, and dismissed the petition. Burchett appeals.

The proof is conclusive that the case having been regularly submitted to the court, it tried out the case on the merits, and announced the judgment it would render; that then Burchett's attorney asked that the judgment be not entered at that term, and that his client be given an opportunity to buy out his sister, and this was finally allowed by the court, and the order was so entered. When he did not buy out his sister before the next term, a judgment was entered directing a division of the land precisely as would have been done at the previous term, but for the importunity of his counsel in getting for him time to buy out his sister. His application in this action that the judgment which was entered in the old action be set aside

and that the case be now tried out on the merits, is based upon the idea that he has not had a trial on the merits of his case. But this is untrue. His case was tried on the merits. The only thing that was agreed to was that the entry of the judgment might be postponed from one term to the next. He has had his day in court. His case has been tried on the merits. He cannot seek a new trial because the judgment which should have been entered at one term was postponed to the next term at the request of his attorney to give him an opportunity to settle with his sister.

But it is insisted that the judgment should have been modified on the petition, because as the record stands Burchett cannot appeal from the judgment, the record showing that he agreed the judgment might be entered if it was postponed to the next term. It is insisted that his counsel had no authority to make such an arrangement, and thus cut him out of the right of appeal from the judgment. But this is not a practical question now. The judgment in that case was entered at the May term, 1908, and no appeal has been taken from it. The time for taking an appeal has expired, and so no correction that could be made now would have any effect on an appeal. The recitals in the agreed order entered at the May term, 1907, could have been corrected by the court that entered it upon motion at any time during the May term, 1908, when the final judgment was entered. We, therefore conclude that the court properly dismissed appellant's petition for new trial.

Judgment affirmed.