## Sizemore, et al. v. Nantz.

(Decided October 15, 1912.)

Appeal from Leslie Circuit Court.

Evidence—Jury Trial.—Where the evidence is conflicting the finding of the jury will not be disturbed unless their verdict is palpably against the weight of the evidence. If there is sufficient evidence to support the verdict we will not disturb it although there may be more evidence and stronger evidence in opposition to it.

CLEON K. CALVERT, J. G. BEGLEY for appellants.

A. B. DIXON, J. M. BICKNELL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In the years 1906, 1907, 1908 and 1909 the appellee, Nantz, was sheriff of Leslie County, and the appellant, Sizemore, was his deputy. After the expiration of his term Nantz brought suit against Sizemore to recover a balance alleged to be due him on a settlement of his accounts as deputy sheriff. To this petition Sizemore filed an answer, set-off and counterclaim, in which he sought to recover judgment against Nantz for an amount alleged to be due him on a settlement of their accounts. After the pleadings had been made up the case went to trial before a jury, with the result that a verdict was returned in favor of Nantz, and from the judgment on this verdict Sizemore appeals. One ground of reversal relied on is that the verdict of the

jury is flagrantly against the weight of the evidence. But we cannot interfere with the verdict on this ground. The contentions of both of the parties to the litigation were supported by evidence, and while in some particulars the preponderance of the testimony inclines to support the claims of Sizemore, there was evidence sufficient to authorize the jury to return the verdict they did in favor of Nantz. In cases like this where the evidence is conflicting our rule is not to disturb the finding of the jury on disputed questions of fact unless the verdict is clearly and palpably against the weight of the evidence. If there is sufficient evidence to support the verdict we will not disturb it, although there may be more evidence and stronger evidence in opposition to it. As we have repeatedly said, the jury that sees the witnesses and hears them testify is better qualified than we are to arrive at a just conclusion upon the facts.

It appears that in 1910, after the term of office of Nantz had expired, Sizemore and Nantz had a settlement of their accounts, and whether or not in this settlement all matters in dispute between them were adjusted is one of the principal issues in this case. Both of the parties concede that a settlement was made, and counsel for Sizemore asked the court to give the following instructions:

"If you believe from the evidence that the plaintiff, Nantz, and the defendant, Sizemore, at the time mentioned in the evidence made a complete settlement, including the years 1908 and 1909, and the defendant, Sizemore, agreed thereto, then you ought to find for the plaintiff as set forth in instruction 'A.'"

Instruction "A" offered for Sizemore, reads:

"You will find for the plaintiff, Allen Nantz, any sum you may believe from the evidence defendant G. A. Sizemore is indebted to him, not to exceed the sum of $645.82, unless you believe from the evidence as set forth in instructions two and three following."

The court declined to give the instructions offered, but on his own motion instructed the jury substantially as requested by counsel for Sizemore. Indeed the only objection made to the instructions is to the instruction given by the court on the subject of the settlement between the parties. Upon this point the court directed the jury as follows:

"If you believe from the evidence that the plaintiff, Nantz, and the defendant, Sizemore, at the time mentioned in the evidence made a settlement, including the years 1907, 1908, 1909 and 1910, and that the defendant, Sizemore, agreed thereto then you ought to find for the plaintiff as set forth in instruction No. 1."

The only difference between this instruction and the one offered by counsel for Sizemore is that the offered instruction directed the jury to find for Sizemore if they believed a "complete" settlement was made while in the instruction given by the court the word "complete" is not used. It will, however, be observed that in the instruction given by the court the jury were told that they could only find for Nantz in the event a settlement was made and that "Sizemore agreed thereto."

We do not think there is any substantial difference between the offered instruction and the one given. The instruction given conveyed to the jury the idea that the settlement made between the parties to be effective must have embraced all their accounts during the years that Nantz was sheriff except for the year 1906, and there was no dispute between the parties as to the business of this year. If a settlement was made for the years 1907, 1908, 1909 and 1910, and Sizemore agreed to it this settlement covered all matters in dispute between them. It is also apparent that the jury believed that a settlement was made between the parties, and that in this settlement all matters in issue were adjusted and a balance found to be due Nantz.

It is also complained that the court erred in rejecting the evidence of A. B. Morgan, who acted as deputy sheriff for Nantz during the year 1907. We have examined the rejected evidence and find that there is only one question and answer that was competent and this answer was not of sufficient importance to influence the jury either one way or the other.

It is also argued that a new trial should have been granted upon the ground of newly discovered evidence. Nantz testified that no settlement was attempted to be made between Sizemore and himself for the year 1907, while Sizemore insisted that a settlement was attempted to be made.

In support of his motion for a new trial on the ground of newly discovered evidence Sizemore set out that while the trial was in progress he had misplaced

certain checks and receipts that tended to show that a settlement or attempted settlement was made in 1907, but that he could not find or produce these checks or receipts during the trial and did not discover them until after the trial had concluded. We have examined the checks and receipts referred to in the affidavit and do not find they support the position that a settlement or attempted settlement was made. If these checks and receipts had been introduced on the trial the result could not have been different.

Upon the whole case we find no reason for interfering with the judgment, and it is affirmed.

The motion to dismiss the appeal granted in the circuit court is sustained and that appeal is dismissed, with damages.