## Nantz, et al. v. Sizemore, et al.

(Decided December 19, 1913).

### Appeal from Leslie Circuit Court.

New Trial—Discretion of Court in Granting.—Where the lower court in the exercise of a sound discretion grants a new trial this court has no right to interfere with that discretion unless it has been abused. In this action evidence considered and held that the new trial was properly granted.

J. M. BICKNELL and A. B. DIXON for appellants.

CLEON K. CALVERT, McQUOWN & BECKHAM and BROWN & NUCKOLS for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is the second appeal in this case. The first opinion can be found in 149 Ky., 819. In that opinion it will be seen that Allen Nantz was sheriff of Leslie county from the first of January, 1906, to the first of January, 1910, and that G. A. Sizemore was his deputy during that time. During the first two years he acted for a wage of $1.00 per day (both parties agree to this), and Nantz claims that he acted throughout the term, and for three months thereafter for that wage. Sizemore says they changed the contract, making it $40 per month for the year 1908, and for the year 1909 and three months thereafter he completed the sheriff's business at $50 per month. The parties to the action being the only witnesses on this point, appellant won. Sizemore during the pendency of his appeal learned for the first time that he could prove by two witnesses that they heard Nantz say during the year 1909 that he was paying Sizemore during that year $50 per month, and appellee brought an equitable action for a new trial upon the ground of newly discovered evidence. He stated that he could not with reasonable diligence have learned these facts, and introduced these witnesses on the first trial. He afterwards filed an amended petition stating that he had since learned that he could prove the same facts by another witness, naming him.

The case was prepared and the court rendered a judgment giving Sizemore a new trial, and appellant Nantz appeals, claiming that the evidence was not sufficient, and if it was the record shows that appellee did not use due diligence in discovering and producing the evidence on the first trial.

The three witnesses, Morgan, Farley, and Lewis, who testified that they heard Nantz say during the year 1909 that he had a contract to pay Sizemore $50 per month during that year, also stated that they never said anything to Sizemore about this until long after the first trial, and Sizemore made the same statement. It was impossible for Sizemore to know that Nantz had made these statements, and if he had, to whom. Morgan was a witness for Nantz on the first trial, but the other two did not testify at all. Morgan was not asked the question as to what he heard Nantz say about the matter, and if he had been the only witness appellant's claim would in all probability have been well taken, but as

Morgan was Nantz's witness it would hardly be proper to hold that Sizemore was chargeable with lack of diligence in failing to ask the question, but his testimony coupled with Farley's and Lewis' is very decisive on the one point involved upon this appeal.

The lower court in the exercise of a sound discretion granted a new trial, and this court has no right to interfere with the exercise of that discretion unless it has abused same. See Wilson v. Hall, 116 S. W., 244. Torain' v. Terrell, 122 Ky., 745; Southern Insurance Co. v. Johnson, 140 Ky., 587.

In our opinion the court was right in setting aside the former verdict and granting a new trial. Sizemore and the three witnesses named gave all the testimony that was introduced on the trial. Nantz did not even testify, and it is difficult to see how the court could have done otherwise.

Therefore the judgment is affirmed.