## Montgomery v. Commonwealth.

(Decided May 31, 1927.)

### Appeal from Magoffin Circuit Court.

1. Assault and Battery.—Evidence held sufficient to support conviction for maliciously wounding, notwithstanding defendant's evidence of alibi.

2. Criminal Law.—Failure of defendant to file his own affidavit in support of his motion for new trial on ground of newly discovered evidence was fatal omission, it being essential for defendant to file affidavit showing he did not know and, in exercise of reasonable diligence, could not have known of such evidence before close of trial.

3. Criminal Law.—Affidavit for new trial in criminal case on ground of newly discovered evidence should show evidence of such a clear and convincing character as to render it reasonably probable that, if introduced, a different verdict would result.

T. J. ARNETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

Ashland Montgomery was convicted of malicious wounding and his punishment fixed at confinement in the penitentiary for three years. The only error assigned on this appeal is failure of the court to grant him a new trial on the ground of newly discovered evidence.

The prosecuting witness, Grover Allen, testified that between sundown and dark on Sunday, the day of the injury, he was riding on horseback near the residence of defendant. As he approached a turn in the road some one fired a shotgun from ambush, wounding both him and his horse. He looked up and saw defendant arising from behind some bushes. His horse got up and started on, and as he straightened himself in the saddle the defendant fired a second time, wounding him, and pursued him, firing a third time, the third shot not taking effect. He rode to the residence of a magistrate and procured a warrant for defendant. In all 29 shot penetrated his person. Of these 8 were fired the first time and lodged from his knee down. The second shot took effect along his side from his hip upward.

The defendant testified that he was at home at the time and heard the report of the gun; that Wessie Rowe,

Mill Rowe, and he were sitting before the fire having a game of "set back" and that Bryan Howard and John Rowe were passing and stopped on his porch to speak to him just at that time. He did not shoot Grover Allen, had no ill feeling toward him, and in fact was not acquainted with him. Mill Rowe stayed all night at his house; the other parties left a short time after the shooting occurred. The next morning he went out to hunt some hogs and was gone during the day. He learned of the shooting that night. He was not arrested for several weeks after this, and when arrested went in the house to change his shirt and escaped by jumping out of the window and left the state. A year or so afterward he returned and was apprehended. He did not dodge the officers on account of this charge, but for other warrants that were issued against him. The other parties named as being at his home on the evening of the shooting corroborated his statement. He also introduced some evidence tending to show that Allen was drinking on the evening he was shot, but this was contradicted by witnesses for the commonwealth.

It will thus be noted that there was ample evidence to sustain a conviction. In support of the motion for a new trial appellant filed the affidavits of three witnesses, who claimed to have been on the road near the scene of the shooting at the time it occurred, and stated other facts tending to show that one Jim Rowe committed the crime with which appellant is charged, but he did not file his own affidavit in support of the motion. This was a fatal omission, as it is essential for a person making such motion to file his own affidavit setting forth facts showing that he did not know and in the exercise of reasonable diligence could not have known of the existence of such evidence before the close of the trial. Oakley v. Com., 158 Ky. 474, 165 S. W. 691. Also, we have examined the affidavits and are of the opinion that the competent evidence embraced therein is not of such a clear and convincing character as to render it reasonably probable that, if introduced, a different verdict would result. Weaks v. McDowell Const. Co., 153 Ky. 691, 156 S. W. 127; South Cov., & Cinti. St. Ry. Co. v. Lee, 153 Ky. 621, 156 S. W. 99; Torain v. Terrell, 122 Ky. 745, 93 S. W. 10, 29 Ky. Law Rep. 306.

Wherefore, perceiving no error, the judgment is affirmed.