OPINION of the Court, by
Judge Owsley.
Thif was an action of assault and battery, brought in the Livingston circuit court, by Bradley, against the plaintiffs *193 In error, arid James Cary, William Love and Joshua Cary. . The capias was executed on the plaintiffs in error, and bail taken according to the order of a judge. The writ was afterwards, together. with the two bail bonds, deposited by the clerk of Livingston with the clerk of Logan, and by him the cause was placed on the issue docket at the July term 1810 ; at which term the court, on the motion of the plaintiffs, in error, caus? ed the case to be stricken from the docket and ordered it to be remanded to the Livingston court, ,because; neither the original order of the judge for a change of the venue nor a copy thereof was filed with the clerk of Logan. At a subsequent day of the same term,, on the production of a certified transcript of the proceedings in the Livingston circuit court, together with the order for the change of venue.; the court reinstated the cause upon the docket, and continued it until the next terim At the October term, the plaintiffs in error again moved the court to strike the cause from the docket, because, at the preceding term, it had been stricken from the docket and remanded to the Livings ton circuit court: the court, however, overruled the motion.
The plaintiffs in error then filed their plea of not guilty, but objected to going to trial unless the plaintiff tip that court would enter a nolle prosequi as to the other defendants, until the cause should be prepared for trial as to them. The court overruled the objection and Ordered a trial on the issue joined.
In the progress of the cause the defendants below offered to prove that a quarrel had taken place on the same day, though at a different place to that where the battery for which the suit was brought against theni happened, between one of them and the plaintiff in that court, at which time the then plaintiff cut the hand of one of the defendants, and that before the blood had time to cool the battery for which this action was brought happened. The admission of this evidence was opposed by the plaintiff below and rejected by the court.
The plaintiff below (now defendant in error) likewise offered evidence of his good general character as an honest, peaceable, orderly member of society, which was objected by the plaintiffs in error, but the objection %erruled and the evidence admitted. Verdict and *194 judgment were obtained against the plaintiffs in error* from-which they have prosecuted this writ of etror.
That the court below decided correctly in refusing at the October term to strike the cause from the docket, we have no doubt. The circumstance of having been struck from when there was nothing fbange of the venue according to law, surelv could furnish no cause for again remanding the cause, when it was then apparent the venue had been regular!}' chang-ec¡ to court. The order of a judge was regularly the cause :!re docket at the July term, before the court shewing a obtained and deposited with the clerk of Livingston, ordering a change of venue to the Logan circuit court 5 and though the Logan court might have acted correctly in the absence of that order or a certified copy, in striking the cause from the docket in the first instance, they surelv had the right, and properly exercised it, on a subsequent day of the same term, in reinstating the cause on the docket, upon the production of the proper papers to the court ; and consequently decided correctly in refusing at their next term to strike the cause from the docket.
The next question presented for consideration is, s'aould the plaintiff in the court below have been per-(D cm to trial ás to the plaintiffs in error, without . , . ,, . , , previously having entered a nolle prosequi as to the other defendants, or preparing the cause for trial as to them ? We know of no principle of law prohibiting a plains tiff, in actions of this description, from going to tríalas to part of the defendants, without first disposing of the cause as to the others. It is evidently not necessary that the same jury should try all the issues which maybe joined on the various pleas of different defendants ; and if different trials may lie had on different issues, no reason can be perceived why the plaintiff in such a case should be bound to prepare the cause for trial as to all the defendants before a trial is had on the issue joined by others
The next question presented by the assignment of erg • the plaintiffs in error have been permitted to prove the circumstances 01 the previous quarrel, as a provocation to that for which this suit was brought ?
jt js deemed unnecessary to decide whether the court , . . _ < . t ¶ e erred m the nrst instance, m rejecting the admission or *195 such evidence : for if it were an error to exclude the evidence, although the court was of opinion it was inadmissible, the plaintiff in that court waived his objection to its admission, the evidence was heard and the jury informed by the court that the evidence by the act of the plaintiff was made legal, and they were to consider it accordingly. The opinion of the court, therefore, as to the inadmissibility of the evidence under the circumstances of this cause, can have produced no injury to the plaintiffs in error, and consequently for that cause the judgment should not be reversed.
It is, however, objected that it does not appear in the bill of exceptions taken to the opinion of the court as to the inadmissibility of the evidence, that the objection tvas waived and the evidence heard ; but that the (act is ascertained by a statement made by the court at a subsequent day of the term, not in the presence of the parties, and which it is contended should not be considered as a part of the record binding on the parties. That the court had the power during the term to correct any error or supply any omission which might have taken place in preparing the bill of exceptions, there can be no doubt. It cannot be supposed that the power of the court over bills of exceptions absolutely ceases upon their signing them ; and if it does not, the only limitation in point of time for the exercise of that power, must be at the end of the term at which exceptions may be filed. The court then having the power to correct or amend statements made in a bill of exceptions, the statement made by the court in this cause should be taken as a part of the record, and conclusive as to the admission of the evidence which was previously opposed.
It remains only to determine whether the court erred in admitting the plaintiff in that court to prove he was a man of good general character í
From every research which we have been enabled, to make, no case has been found where this point has undergone a direct adjudication. It seems, however* to be a rule of evidence well settled, that the evidence must be applied to the particular fact in dispute ; and in Peak’s Law of Evidence, p. 6, it is said that the character of neither party to a civil cause shall be called in question, unless put in issue by the very proceeding itself. In prosecutions for criminal offences which sub *196 ject the offender to corporeal punishment, the general character of the accused cannot be inquired into, unless he should first call evidence in support of his character. But the admission of such evidence seems to be confined to those criminal cases only which subject the offender to corporeal punishment, and is not admitted in actions or informations for penalties, though founded on the fraudulent conduct of the defendant — See Peak's Evi. 8. Inactions (such as for slander) where the injury complained of has been sustained by the character, this court has hitherto adjudged it competent for the ’ plaintiff to prove his general character ; but iu cases : like the present, to permit the plaintiff to go into an in- ' quiry as to his general character, when his character is V ih nowise involved in the issue, nor affected by the in-Ijury complained of, would be a violation of the general rules of evidence, and evidently improper. The court i below, therefore, erred in permitting the inquiry.
The judgment must therefore be reversed with costs, and the cause remanded for further proceedings consistent with this opinion.