OPINION of the Court, by
Judge Logan.
-This was an action of assault and battery. Issues were joined on the pleas of not guilty and .son assault demesne.
The questions for our determination in this cause relate entirely to the competency of evidence which had been offered in mitigation of damages.
The first is, whether a judgment upon an indictment for the same battery is admissible in a civil action ?
Upon principle we should entertain no doubt against the admission of this evidence 5 and we have been unable. *401 tó find any adjudication from English authorities directly applicable to the point. The case cited from 2 Burr. 719-20, wfe think hás but little bearing on the question. It is true the cáse reported in 1 Bay. 166, supports the position against proceeding both by indictment and civil action for the same battery; but this is founded rather Upon the practice in that state, tkari English tics*
be given ¡n «i. Genital chM
^ ^ pontiff had u. na abuh?* ⅛⅛' *"£n<unt ^ ⅛, on , format ⅛|.
This is not the case of an attempt to maintain; or to oppose the issue betweén the parties, by a verdict and judgment rendered upon the factbut to impair the extent of reparation for a private in jury through the recovery for the public mischief. An indictment is a prose-cutiort on the part of the commonwealth. It may be instituted and carried on at the instance of others, without the aid or interposition of the person assaulted: and the recovery in such cases is for public purposes, oh account of the disturbance of the good order and peace Of society. It belongs to the government to provide for the preservation of the peace and against evil and pernicious examples; and to that end to adopt'proper punishments commensurate to the public injury. But it is nevertheless the right of the citizen to be redressed for the private injury. This right is secured to him by the constitution, whether the injury is to his person or his property. Neither ought the extent of the repáfá¿ tion to be impaired by the enormity of public injury as resulting from the greater damage to individual right. Such a doctrine would seem to introduce the absurdity of lessening individual remuneration in proportion to the enormity of the battery ; which more frequently commits the greater outrage on the peace, and is, therefore, the more likely to be punished with damages accordingly.
The other questions have both' been determined by this court. The one in the case of Givens vs. Bradley, (3 vol. 192) and the other in the case of Rochester vs. Anderson, (1 Bibb 428) The one was an attempt to prove the general character of the plaintiff as a turbulent and troublesome person : and the other, that she had used abusive language to the defendant and his family on a former day. Neither was admissible under the authority of the decisions mentioned.
Judgment affirmed.