## Shirley v. Renick.

(Decided December 4, 1912.)

### Appeal from Warren Circuit Court.

1. **Assault—Action For—Son Assault Demesne—Plea of.**—A plea of son assault demesne is in the nature of a confession of the assault charged, and an avoidance thereof by showing that the plaintiff assaulted the defendant, and that the injury complained of grew out of the assault by the plaintiff upon the defendant.

2. **Pleading—Confession and Avoidance.**—It is a rule that every pleading by way of confession and avoidance must give color, and rely on some new matter by which that apparent right is defeated, which, as a term of pleading, means, it must admit an apparent right in the opposite party, and rely on some new matter by which the apparent right is defeated.

3. **Pleading—Forms of Abolished by Code—Substance of Common Law Rules Remain.**—Although forms of pleading have been

abolished by the Code of Practice, the substance of the common law rules of legal procedure remains, except where they conflict with the spirit of statutory regulations upon the subject of pleading and practice.

4. Pleading—Confessions and Avoidance—When Defective.—If a pleading purporting to be by way of confession and avoidance does not import a confession of the traversed allegations, it is defective and insufficient.

5. Pleading—Plea of Son Assault Demesne—Burden of Proof.—Where there is a plea of son assault demesne, the burden of proof is upon the defendant; but, where the defendant merely traverses the allegations of the petition, or, in addition thereto, pleads distinct and separate matters by way of justification or excuse, but which do not amount to an assault, the burden is or the plaintiff to make out his case.

RODES & WALLACE for appellant.

T. W. & R. C. P. THOMAS for appellee.

Opinion of the Court by Judge Miller—Affirming.

Shirley sued Renick for $5,100 damages for a wilful and malicious assault committed on the —— day of August, 1911. The first paragraph of the answer is a traverse, but in such a way as to deny only that the assault upon plaintiff was wilful or malicious. In effect it admits the assault. The second paragraph alleged affirmatively that while attending a tent meeting in Warren County sometime in August, 1911, the plaintiff and his brother, Porter Shirley, became drunk and disorderly; that Smith, a constable, while attempting to arrest Porter Shirley, who resisted arrest, called defendant to his assistance to effect the arrest, whereupon the plaintiff assaulted, took hold of, and attempted to restrain the defendant from making said arrest; and, in order to make said arrest and protect himself, the defendant struck plaintiff with his fist. In a third paragraph, defendant alleges that he was justified in striking the plaintiff under the circumstances above set forth, and that he used no more force than was necessary to repel the assault and force used by the plaintiff.

The case was twice tried. Upon the first trial plaintiff obtained a verdict for $100, but this judgment was set aside; and upon a second trial the verdict was for the defendant. Plaintiff appeals.

No bill of exceptions containing the evidence or the instructions is presented. The appellant seeks a reversal

upon the single ground that the trial court refused him the burden of proof and the closing argument to the jury.

Under subsection 6 of section 317 of the Civil Code of Practice, the party having the burden of proof shall have the conclusion in the argument; and, section 526 further provides that, "The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side." If, therefore, the burden of proof was upon the appellant, he was entitled to the closing argument, and a denial of that right by the circuit judge was a reversible error. Royal Ins. Co. v. Schwing, 87 Ky., 410; Lucas v. Hunt, 91 Ky., 279; Crabtree v. Atchison, 93 Ky., 338; Ashland & Catlettsburg Street Railway Co. v. Hoffman, 26 Ky. L. R., 778, 82 S. W., 566.

The trial court evidently took the view that the defendant had pleaded *son assault demesne,* and the burden of proof was, therefore, upon the defendant, and not upon the plaintiff.

It is contended, however, that the answer nowhere alleges that the assault by plaintiff upon defendant is the same assault committed by the defendant upon the plaintiff, which is the subject of this action, and that the answer therefore, does not plead *son assault demesne.* A plea of *son assault demesne* is in the nature of a confession of the assault charged, and an avoidance thereof, by showing that the plaintiff first assaulted the defendant, and that the injuries complained of grew out of the assault by the plaintiff upon the defendant. In speaking of pleas in confession and avoidance, Perry's Common Law Pleading, at page 273, says:

"With respect to the quality of these pleadings, it is a rule that every pleading by way of confession and avoidance must give color. This is a rule which it is very essential to understand, in order to have a correct apprehension of the nature of these pleadings; yet it appears to have been not hitherto adequately explained or developed in the books of the science.

Color is a term of the ancient rhetoricians, and was adopted at an early period into the language of pleading. As a term of pleading, it signifies an apparent or *prima facie* right; and the meaning of the rule, that every pleading in confession and avoidance must give color, is, that it must admit an apparent right in the opposite party, and rely, therefore, on some new matter by which that apparent right is defeated."

The reason for the rule exists as well under our system of Code pleading as it did under the common-law system of pleading. And, although forms have been abolished by the Code of Practice, the substance of the common-law rules of legal procedure remains, except where they conflict with the spirit of our statutory regulations upon the subject of pleading and practice. R. & L. T. Co. v. Rogers, 7 Bush, 535.

Strictly speaking, therefore, a plea of *son assault demesne* being by way of confession and avoidance, should admit the assault complained of, and rely upon the first assault by the plaintiff, to defeat plaintiff's case. But, must such an admission be expressly made, or is it sufficient if it be distinctly implied from the matters set forth in the pleadings?

In Stephen on Pleading, star page 200, the rule as to the nature and properties of pleas in confession and avoidance is laid down as follows:

"It was formerly the practice in many cases to frame such pleas with a *formal* confession or admission in terms, using the introductory phrase of *true it is, that, &c.,* and then proceeding to plead in answer to the matter thus explicitly admitted. But this method is not required by the rules of pleading, and, with a view to brevity, is now generally abandoned. It is essential that the confession, though not express, should be distinctly implied in or inferable from, the matter of the pleading. * * * If a pleading, therefore, purporting to be by way of confession and avoidance (or, in other words, not pleaded by way of traverse), does not import a confession of the traversed allegations, it is defective and insufficient." See, also, star page 163 for the form of the plea of *son assault demesne.*

It will be seen, therefore, that while the second paragraph of the answer might well have been more specific in confessing the assault, and in alleging that the assault and the counter assault were one and the same, it nevertheless substantially shows that state of fact, and sufficiently complies with Stephen's rule. The seeming confusion between counsel arises from the fact that the first paragraph of the answer traverses the allegations of the petition, while the second paragraph is in confession and avoidance; and, appellant relying on the issue made by the first paragraph, claims the burden of proof, while appellee claims it under the second paragraph. Taking the two paragraphs together, or disregarding the first para-

graph because of its insufficiency as a traverse, the answer is equivalent to a plea of *son assault demesne.*

Where there is a plea, of *son assault demesne,* the burden of proof is upon the defendant. Walls v. Robb, 15 Ky. L. R., 159; Phillips v. Mann, 19 Ky. L. R., 1705, 44 S. W., 379; Johnson v. Strong, 22 Ky. L. R., 577, 58 S. W., 430; Torain v. Terrell, 122 Ky., 745.

But, where the defendant merely traverses the allegations of the petition, or, in addition thereto, pleads distinct and separate matters by way of justification or excuse, but which do not amount to an assault, the burden is on the plaintiff to make out his case. Wilson v. Extenkamp, 102 Ky., 143; Finnell v. Bohannon, 19 Ky. L. R., 1567, 44 S. W., 94; Ryan v. Quinn, 24 Ky. L. R., 1517, 71 S. W., 872; Hess v. Hymson, 29 Ky. L. R., 327, 93 S. W., 9; Doerhoefer v. Shewmaker, 123 Ky., 646.

As the answer, taken as a whole, presents a plea of *son assault demesne,* the case comes within the first class of cases, *supra,* and the burden was upon the defendant, the appellee in this case.

In so holding, the trial court ruled correctly.

Judgment affirmed.