## Pitman v. Drown.

(Decided May 18, 1917.)

### Appeal from Graves Circuit Court.

1. Assault and Battery—Trial—Right to Open and Close.—Where, in an action for damages for assault and battery, the defendant admits the assault and pleads son assault demesne, he has the burden of proof and the right to conclude the argument.

2. Appeal and Error—Right to Open and Close—Reversible Error.— The denial to a party having the burden of proof of the right to make the concluding argument is reversible error.

3.  Pleading—Answer—Confession   and   Avoidance—Color.—Where
    the petition in an action for damages for assault and battery al·
    leges that the defendant "wilfully and maliciously assaulted, shot
    and wounded this plaintiff," an answer which denies that the de-
    fendant "wilfully and maliciously assaulted, shot and wounded
    this plaintiff" admits the shooting and wounding.
4.  Pleading—Admission of Fact—Rules of Pleading.—A party who
    desires to admit a certain fact is not required by the rules of
    pleading to adopt any particular form of admission, but has the
    undoubted right to make the admission in express terms, or
    by a failure to deny, or by a denial in such form as will amount
    in law to an admission.

HESTER & HESTER for appellant.

HOLIFIELD & GARDNER and JOHN W. McDONALD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing.

In this suit for damages for assault and battery by
S. E. Drown against J. M. Pitman, plaintiff recovered
a verdict and judgment for $700.00, and the defendant ap-
peals.

The principal error relied on for reversal is the refusal
of the trial court to permit the defendant to assume the
burden of proof and to have the closing argument.

The petition charges that the defendant "wilfully and
maliciously assaulted, shot and wounded this plaintiff,"
etc.  The first paragraph of the answer denies that the
defendant "wilfully and maliciously assaulted, shot and
wounded this plaintiff," while the second paragraph pre-
sents the plea of son assault demesne.  While the evi-
dence for plaintiff makes out a case of unjustifiable as-
sault, that of the defendant tends to show a case of self-
defense.  Upon this showing the trial court placed the
burden of proof on plaintiff and permitted his attorney
to conclude the argument. It is the well-established rule,
not only in this, but in other jurisdictions, that an admis-
sion of the assault, accompanied by a plea of son assault
demesne, places on the defendant the burden of proof
with the accompanying right to conclude the argument,
and the denial of this right is reversible error.  Shirley
v. Renick, 151 Ky. 25, 151 S. W. 357; Downs v. Jackson,
128 S. W. 339; Johnson v. Strong, 58 S. W. 430, 22 R.
577; Torain v. Terrell, 122 Ky. 745, 93 S. W. 10; Phillips
v. Mann, 44 S. W. 379, 19 R. 1705; 5 C. J., sec. 102, p.
664.  The reason for the rule is that where the assault is
shown it is presumed to be unlawful, and plaintiff is not

required to go further and prove that it was not made in defense of the person of his assailant. That is an excuse or justification for the assault which must be proved by the party who offers it. Johnson v. Dailey, 136 Mo. A. 534, 118 S. W. 530; Robertson v. Sisk (Ark.), 171 S. W. 880. Here defendant did not deny the shooting and wounding, but merely denied that he "wilfully and maliciously assaulted, shot and wounded this plaintiff." Under the settled rule of pleading, such a denial amounted to an admission that he did shoot and wound plaintiff. C., N. O. & T. P. Ry. Co. v. Barker, 94 Ky. 71, 21 S. W. 347, 14 R. 751; Taylor v. Farmer, 81 Ky. 458, 5 R. 487; Shirley v. Renick, *supra*. But it is suggested that the rule that such a denial is not sufficient is for the benefit of the opposing party and cannot be taken advantage of by the pleader. While this contention may be sound under certain circumstances, it has no application to the facts of this case. Clearly, a party who desires to admit a certain fact is not required by the rules of pleading to adopt any particular form of admission. He has the undoubted right to admit the fact in express terms, or by a failure to deny, or by a denial in such form as will amount to an admission in law. Here the defendant adopted the last mentioned method, and thus having admitted the shooting and wounding in the first paragraph of his answer, and having pleaded son assault demesne in the second paragraph, it follows that the case falls within the principle above announced, and that the trial court erred in refusing him the right to assume the burden of proof and to have his counsel make the concluding argument.

We find no merit in the other errors assigned.

Judgment reversed and cause remanded for a new trial consistent with this opinion.