## Sipple v. Kehr.

### (Decided September 25, 1917.)

### Appeal from Laurel Circuit Court.

1. Assault and Battery—Trial—Burden of Proof.—In an action for damages for assault and battery, where the assault is admitted and son assault demesne is pleaded, defendant has burden of proof and concluding argument.

2. Assault and Battery—Evidence—Character and Reputation.—The general rule is that character evidence is inadmissible in civil actions, unless the nature of the charge puts the character of a party in issue; but, in an action for damages for assault and battery, where self-defense is pleaded in justification, evidence as to plaintiff's general reputation for peace and quietude, if known to defendant before the assault, is admissible.

3. Assault and Battery—Evidence—Character and Reputation.—In an action for damages for assault and battery, where the assault is admitted, defendant's reputation for peace and quietude is not

in issue, and evidence as to such trait is irrelevant and immaterial.

C. C. WILLIAMS, GEORGE C. BROCK and H. J. JOHNSON for appellant.

HAZELWOOD & JOHNSON and W. R. RAMSEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an action of C. J. Sipple against W. C. Kehr for damages for assault and battery, which resulted in a verdict and judgment in favor of the defendant, and the plaintiff appeals.

The petition charges that the defendant "wrongfully and without right, struck, beat and bruised this plaintiff on and about the face and head, and said defendant did unlawfully and wrongfully inflict dangerous and painful wounds on and about the face, head, and body of the plaintiff, with his fists and foot." The answer, in the first paragraph, denied that the defendant, "wrongfully, or without right, struck, beat, or bruised the plaintiff . . . or did unlawfully or wrongfully inflict dangerous or painful wounds, on or about the face, head, or body of plaintiff with his fists; . . . or that he ever at any time kicked plaintiff with his foot, or that he attempted to do so."

In the second paragraph, the defendant alleged that whatever injuries he inflicted upon the plaintiff were inflicted by the defendant by the use of his hands, and not by the use of his hands and feet, as charged in the petition; and that "said injuries, which were very slight, were so inflicted on the plaintiff by this defendant in an effort on the part of this defendant to protect himself from assault, which this defendant, in good faith, believed, and had reasonable grounds to believe, the plaintiff was then and there in the act of making, and was about to make, upon the defendant, and this defendant did no more than he, in good faith, believed was necessary to protect himself against the said threatened assault on the part of plaintiff."

Here, the defendant did not deny the assault, but simply denied that it was wrongful or unlawful. He alleged that it was done in his necessary self-defense. It is clearly, therefore a plea of *son assault demesne*. C., N. O. & T. P. Ry. Co. v. Barker, 94 Ky. 71; 21 S. W. 347; Taylor v. Farmer, 81 Ky. 458; Shirley v. Renick,

151 Ky. 25, 151 S. W. 357; Pitman v. Drown, 175 Ky. 677. In this state of case, the trial court properly placed on the defendant the burden of proof, with the accompanying right to conclude the argument. Shirley v. Renick, *supra;* Pitman v. Drown, *supra;* 5 C. J., sec. 102, p. 664.

It is also insisted that the court erred in permitting the defendant to introduce evidence of the bad reputation of the plaintiff and of the good reputation of the defendant for peace and quietude. It is the general rule that character evidence is not admissible in a civil action for assault and battery, except where the nature of the charge puts the character of a party in issue. 5 C. J., page 680; Givens v. Bradley, 3 Bibb 192; Reed v. Kelly, 4 Bibb 401. There are, however, some exceptions to this general rule, one of which is that, in civil actions for assault and battery where justification is pleaded by way of self-defense, it is competent to show the character of plaintiff, as being quarrelsome, where such fact has been brought to the knowledge of the defendant prior to the assault. 5 C. J. 681; Galbraith v. Fleming, 60 Mich. 403; Silliman v. Sampson, 59 N. Y. S. 923. This evidence, however, should be confined to the general reputation of the plaintiff upon the trait involved and known to the defendant prior to the assault. In the case at bar, the evidence was thus confined, and its admission was not erroneous.

Defendant was also permitted to introduce evidence as to his own reputation for peace and quietude, over the objection and exception of the plaintiff. This, in our judgment, was clearly a prejudicial error.

In 5 C. J. 682, sec. 124, it is said:

"In civil actions for damages for assault and battery the reputation of the defendant as a peaceable citizen is not in issue, and therefore evidence of his good reputation is inadmissible, excepting where the nature of the action is such as to bring the character of defendant directly in issue, as where he is charged with an indecent assault, although in some jurisdictions it is held that defendant's character is nowise in issue in a civil action for an indecent assault on a female."

Again, in the same section we find:

"Ordinarily evidence as to the character of defendant, his general reputation, or the like, being irresponsive to the issues, is inadmissible in mitigation or aug-

mentation of damages, especially where it is apparent that he was the aggressor.''

Having admitted the assault upon plaintiff, defendant's reputation for peace and quietude was irrelevant and immaterial and, in no wise, in issue. Upon the other hand, plaintiff's character, upon this particular. trait, has an important bearing in determining whether or not the defendant, under his plea of self-defense, was justified in striking the first blow, which he confessed having done, for it is a material factor in determining whether the defendant made the assault in fear and under a reasonable belief that the plaintiff was about to attack him.

It is also insisted the verdict is contrary to the evidence, but, inasmuch as the case is reversed on other grounds, we express no opinion on that question.

Judgment is reversed for proceedings consistent herewith.