## Leahman v. Broughton.

(Decided October 20, 1922.)

### Appeal from Boyd Circuit Court.

1. Appeal and Error—Discretion of Trial Court—Competency of Witnesses.—Appellate courts are less inclined to interfere with the discretion of the trial court in holding that an offered witness and his testimony are competent than when the court in the exercise of its discretion rejected it.

2. Infants—Testimony of Infant Witnesses.—There is no precise age at which the testimony of an infant witness may or may not be received. If it appears from the voir dire examination of the infant that it entertains a sense of danger and impiety of falsehood, and that it is wrong to tell one and that the wrong will be punished, and, further, that the infant possessed sufficient intelligence to reasonably comprehend the facts about which he proposes to testify, the court should admit the testimony, leaving to the jury the duty of giving to it the proper credence under all the facts and circumstances, and in applying the test it is not essential that the infant be able to comprehend or explain the mysteries of the future life.

3. Infants—Evidence—Competency.—The time for the test of competency or incompetency is when the infant is offered as a witness and not the time of the occurrences about which the testi-

mony relates, unless the infant was so extremely youthful at the latter date as to render it impossible for it to intelligently remember what occurred.

4   Infants—Testimony of—Competency.—The court erred in rejecting the testimony of an infant past eight years of age at the time of the trial and who was five and one-half years old when the facts occurred, when it appeared that the infant possessed the qualifications set out in the second (2) division of this syllabus.

5.  Assault and Battery—Reputation—Evidence.—The general rule is that the character and reputation of the parties to a civil suit for assault and battery are not involved, and evidence of such may not be introduced, unless previously attacked, except under certain exceptions to the general rule, as applicable to plaintiff, but which are not involved in this case.

6.  Assault and Battery—Reputation—Evidence.—Neither under the general rule nor any exception thereto may the defendant in such an action prove his good reputation for the purpose of establishing his innocence of the charge, since such evidence possesses only remote, if any, probative effect upon that issue and its introduction for that purpose is productive of more harm than good, and is a weapon which may be used to great disadvantage by the strong against the humble, weak and obscure.

7.  Assault and Battery—Action by Wife for Damages for Indecent Assault—Damages—Evidence of Husband Inadmissible.—In an action by the wife against defendant to recover damages for an indecent assault upon her, evidence of declarations of her husband, who was separated from her, made in her absence, are inadmissible although the husband was erroneously and therefore unnecessarily made a party plaintiff in the action.

J. S. FULLERTON for appellant.

J. B. ADAMSON, JOHN F. COLDIRON and CLYDE R. LEVI for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, Mettie Leahman, by this action filed in the Boyd circuit court, seeks to recover damages of the appellee and defendant below, George Broughton, in the sum of $5,000.00 for an alleged wrongful forcible assault made upon her wherein he "hugged and kissed her numerous times while she was struggling to release herself" and continued to do so until plaintiff forced him to desist by kicking him, all of which is alleged to have occurred on August 6, 1917, at about 8 o'clock P. M. in the town of Ashland, Kentucky, and in plaintiff's residence. The answer denied the material averments of the petition and upon trial the jury returned a verdict for defendant which the court declin-

ed to set aside on a motion for a new trial made by plaintiff, and she has appealed. The grounds urged for a reversal condensely stated are (1), that the court erred in rejecting evidence offered by plaintiff, and (2), that it erred in admitting evidence offered by defendant over plaintiff's objections. They will be considered in the order named.

1. The complaint made under ground (1), is founded on the action of the court in refusing to permit plaintiff to introduce as a witness in her behalf her infant daughter, Verna May Leahman, who at the time of the trial was just past eight years of age but who at the time of the alleged assault was but little more than five and one-half years of age. Plaintiff testified that her daughter was present at the time and saw what occurred and the latter was examined before the court, and out of the hearing of the jury, for the purpose, as we presume, of determining her competency to testify and in that examination, in order to show the materiality of her testimony she substantially corroborated her mother as to what transpired on the occasion complained of and which was in direct conflict with defendant's version of what happened. The record does not disclose the ground upon which the testimony of the infant witness was excluded but it is conceded that it was done because the court was of the opinion that the witness was incompetent because of her age.

Much has been written by both text writers and courts upon the question of the competency of infants to testify in judicial proceedings. By the ancient common law it was conclusively presumed that the disqualification of age did not apply to a witness who was at the time of testifying fourteen years old or over, and that it was conclusively presumed to be incompetent when under seven years of age, and whether the infant was competent between those ages depended upon circumstances, chief among which was whether it was of sufficient intelligence to comprehend the nature of an oath and to realize the solemnity of the obligation which it imposed upon one testifying in court. Those rules of the common law have in the course of time undergone some alterations in the great majority of jurisdictions, some of which have been made by statute while others were engrafted by judicial utterance, all of which clearly appears from the opinions and text authorities hereinafter referred to. From an

examination of them it will clearly appear that the modern tendency is to relax the ancient rules relating to the competency of witnesses and to allow the testimony to be heard if upon the *voir dire* examination it appears that the witness "has some understanding of the punishment which may result from false swearing," but it has not been insisted upon by the courts that the witness should exhibit "a very definite or exact knowledge of the subject." Vol. 4, Jones on Evidence, 1914 edition, section 721 (old section 739). Hence, it is said in eleventh edition of Best on Evidence, page 134, that "Not only is the inclination of our modern judges and lawgivers in favor of receiving the evidence of witnesses, leaving its value to be estimated by the jury, but the propriety of expunging from jurisprudence the title 'Incompetency of Witnesses' has been strongly and ably advocated, as well as candidly and temperately defended." So that, at the present time, "there is no certain age at which the dividing line at which competency and incompetency may be drawn." Jones on Evidence, section 720 (old section 738). In the leading English case upon the subject of Rex v. Brasier, 1 Leach C. C. 199, 1 East P. C. 443, it was held that the admissibility of the testimony of children depends "on the sense and reason that they entertain of the danger and impiety of falsehood, which is to be collected from their answers to questions propounded to them by the courts." And in the work last referred to, section 720 (old section 738) the author says that the present generally accepted age rule as announced by the English court differs but little from it, and he adds, "any rule which may be stated is necessarily subject to many variations; the basic principle, however, which was established in the English case, and has been followed ever since, is that understanding and intelligence, rather than age, is the test to be applied in determining the competency of an infant to testify as a witness in either civil or criminal cases," and that "it is common practice to admit the testimony of children eight or nine years of age where they seem to understand the obligation of an oath." The learned author in the sections of his work referred to makes it thoroughly plain that the infant is competent to testify, regardless of its age, if it is shown to possess sufficient intelligence and sense of obligation to tell the truth, although it is unable to explain or even comprehend the mysteries of the

future life, and that there are many instances where a child only six years of age at the time of testifying was held to be competent, and a few cases where the witness was only four years or age. Indeed, it is therein shown that some courts allow the testimony to be given even without an oath or affirmation if the intelligence of the child is sufficient to show that it reasonably comprehends the facts and can with reasonable intelligence rehearse them, leaving to the jury the right to give to the testimony such credence as it sees proper under the circumstances of the case, including, of course, the demeanor of the witness on the stand and the intelligence with which the testimony is given. Other authorities supporting the text of the author are, 28 R. C. L. 463; 40 Cyc. 2200; McGuff v. State, 88 Ala. 147, 16 Amer. S. R. 25; Commonwealth v. Furman, 211 Pa. St. 549, 107 Amer. S. R. 594; State v. Michael (W. Va.), 19 L. R. A. 605, with annotations on page 607; White v. Commonwealth, 96 Ky. 180; Bright v. Commonwealth, 120 Ky. 298, 117 A. S. R. 590, and Merchant v. Commonwealth, 140 Ky. 12.

In the Bright case, *supra,* this court, following the doctrine laid down in Greenleaf on Evidence, section 367, said:

"That if a child offered as a witness appears to have sufficient natural intelligence, and to have been so instructed as to comprehend the nature and effect of an oath, he is admitted to testify whatever his age may be." The infant witness in that case qualified by stating that "he realized it was wrong to tell a lie; that, while he did not understand what an oath meant, yet he knew that by being sworn he was required to tell the truth; and that if he did not do so he would be punished for it, but he did not know how, nor by whom," and that if he gave false testimony "the bad man would get him." In the Merchant case, *supra,* the opinion says: "The law recognizes no exact period of time at which infants are allowed to testify. This depends upon the individual capacity of each witness. Whenever it is apparent that the witness knows right from wrong and recognizes that punishment by the Almighty will follow falsehood, then he is permitted to testify and the jury authorized to give such credit to the testimony as they may think it deserves."

The reason given for the disposition of the courts in modern times to widen the rule relating to the competency of witnesses, including infants, as will be seen from the authorities *supra,* is that the essential thing in

the conduct of litigation is for the tribunal to have before it the facts of the case, and that as few obstructions should be thrown in the way of obtaining them as possible, leaving it to the jury or other tribunal passing upon the facts to protect the interest of the opposing litigant by giving such credence to the offered testimony, even to rejecting it entirely, as the circumstances show it deserves. Therefore, reviewing courts are less inclined to disturb the discretion of the trial court in admitting the testimony than in rejecting it. We have no statutory rule upon the subject, since under the provisions of section 605 of the Civil Code of Practice all persons are permitted to testify "unless he be found by the court incapable of understanding the facts concerning which his testimony is offered," subejct to the modification and qualifications contained in section 606, none of which apply in this case.

It appeared on the *voir dire* examination of the offered witness, not only that she was slightly over eight years of age at the time of the trial, but that she had attended school for two years and had made fair progress during that time, and she testified that she knew it was wrong "to tell a story" and that if she did so in her testimony "she would go to the bad place." Her testimony was reasonably intelligent for one of her age, although she did not remember dates and was unable to give the month or year of the happening of inquired of events, which, indeed, is not uncommon even with adult witnesses, and upon the whole we are convinced that the court erred in excluding her testimony. Before closing this branch of the opinion we deem it necessary to state that the authorities, *supra,* seem to fix the date of competency or incompetency as of the time the infant is offered as a witness and not at the time when the facts testified to occurred, (Jones on Evidence, *supra,* section 722), although, if at the latter date the infant was so extremely youthful as that it would be impossible for it to remember the occurrences, its testimony should be rejected, which condition, however, was not shown in this case.

2. Under this ground counsel for plaintiff complains of admitted testimony to prove (a), defendant's good moral character without any attack made on it by plaintiff, and (b), statements made by plaintiff's husband out of her presence. The question raised by complaint (a), as

applied to the facts in this case, does not seem to have heretofore received the attention of this court, nor have we been able to find where the precise question has been determined by any other court, except perhaps one case hereinafter referred to.   The general rule is that it is incompetent to prove the general reputation of either party to a civil action for assault and battery for the purpose of establishing the. *guilt* or *innocence* of the defendant. Jones on Evidence, *supra,* Vol. 1, section 148 (old section 147) ; 5 Corpus Juris, 680; 2 R. C. L. 576; annotations on page 753 to the case of State v. Roderick, 14 L. R. A. (N. S.) 704; Givens v. Bradley, 3 Bibb 192; Read v. Kelly, 4 Bibb 400; Revill v. Pettit, 3 Metcalfe 314; L. & N. R. R. Co. etc., v. Owens, 164 Ky. 557; Sipple v. Kehr, 176 Ky. 698; Sayen v. Ryan, 9 Ohio Cir. Ct. R. 631; Day v. Ross, 154 Mass. 13; Treschman v. Treschman, 28 Ind. App. 206; Lyddon v. Dose, 81 Missouri App., 64; Barr v. Post, 56 Neb. 698; Markey v. Angell, 22 R. I. 343; Coruth v. Jones, 77 Ver. 441; Rittenhoffer v. Cutter, 83 N. J. Law 613, Ann. Cas. 1914B 880, and Barton v. Bruley 119 Wis. 326.

As said in the section of Jones on Evidence, referred to, ''Evidence of character in such cases has but a remote bearing as proof to show that the act in question has or has not been committed. It is uncertain in its nature, because true character is ascertained with difficulty, and those who are called to testify are reluctant to disparage the influential and often too willing to disparage one under a cloud.''   It is then pointed out that such evidence, after all, is but a matter of opinion of the witness who is apt to be influenced by prejudice or partisanship and to admit it to bolster the character of one who has not been impeached ''would make trials intolerably tedious and greatly increase the expense and delay of litigation.''   Attention is also called to the fact, in the same section, copying from the opinion of Thompson v. Church, 1 Root (Conn.), 312, that ''The business of the court is to try the case, and not the man; and a very bad man may have a very righteous cause,'' or *vice versa.* The exceptions to the general rule, as shown by above authorities, are; that character evidence of the parties in the kind of action under consideration is admissible if the proceedings ''be such as to put the reputation of the parties directly in issue,'' or in mitigation of damages when the *gravamen* of the action is injury to the plain-

tiff's reputation, his character may be proven, or to show the plaintiff's reputation for peace and quietude under the plea of *son assault demesne,* and perhaps a few others. General expressions are found in the cited opinions from this court to the effect that evidence as to character in this kind of action is admissible when the proceedings are such as put the character of parties in issue, but just precisely what is meant by that expression, as applied to the defendant, is difficult to determine, since there could scarcely be any sort of action for assault and battery without involving or putting in issue some trait of his character.

The Wisconsin case of Barton v. Burley, *supra,* was one to recover damages for an indecent assault and the court held that testimony offered to establish the *bad* reputation of defendant as to the particular trait involved was erroneously admitted, saying that "Nothing is better settled than that the commission of one assault can not be establsihed by commission of others, and that in a civil action for assault *such as this* (the same as in instant case) the defendant's character is in no wise in issue." To the same effect, as to the defendant's character not being in issue in ordinary actions for assault and battery, are the other cases cited above and no, case has been found upholding the right of defendant to prove his good character, even in an action against him for an indecent assault, except the case relied on of Schuek v. Hagar, 24 Minn. 339; and in that opinion the question is disposed of in a short paragraph and without reference to any supporting authority.

The case of Evans v. Evans, 93 Ky. 510, was a divorce action in which the wife was charged with adultery by her husband and he offered to prove her general reputation for unchastity in support of that charge, but the court excluded it upon the ground that the proceeding did not put her general character in issue. In passing upon the question the opinion said: "In civil actions evidence of general reputation is not admissible unless the proceeding be such as to put the character of the party directly in issue. The charge was adultery by her. She should not be convicted of such an act upon presumption. It was not a proceeding which put her general character in issue, and the admission of such evidence for the purpose of raising a presumption of her guilt would lead to more of uncertainty and disadvantage than benefit in the

administration of justice.'' If the direct charge made in that case did not render the proceeding such as to put the reputation of the wife in issue it is difficult to see how the defendant's reputation for uprightness or morality would be put in issue in the character of case now under consideration. The Sipple case, the L. & N. R. R. Co. case, and all the others from this court, *supra,* involved the right of the defendant to prove the reputation of the *plaintiff* under one or more of the exceptions to the general rule hereinbefore stated. But we have found no case from this court where the *defendant* was allowed to establish *his own character,* in the absence of its being attacked by plaintiff, for the purpose of proving his *innocence* of the charge whatever might be its nature. From the very nature of the case we are unable to see wherein such evidence would have any probative effect upon the issue of whether the defendant *did* or *did not* commit the assault. To our minds the admission of such testimony would prove much more harmful than to reject it. In addition to the reasons for rejecting it contained in the work of Jones on Evidence, *supra,* and to which we have referred, we may add that the effect of such evidence would put it in the power of one assuming to be outwardly conducting himself as an upright, moral man, to insult the humble, weak, and obscure and then shield himself from the just consequences by proving his good reputation by his partisan friends, though his actual character may be as dark as midnight on a moonless and starless night. The law is supposed to be founded on logic and reason and we are unable to perceive *either,* in allowing the admission of such testimony to prove defendant's innocence of the assault. Being unwilling to extend the rule, as contended for by counsel for defendant, or to adopt the views of the Minnesota court, we are compelled to hold that the court erred in admitting, under the circumstances, the introduction of the complained of testimony.

The foundation for complaint (b) under this ground is the error of the court in allowing a witness to testify that after the alleged assault and before the trial Will Leahman, plaintiff's husband, who was living separately from her, stated in witness's presence but in the absence of plaintiff, ''that he (the husband) was going up and get a warrant for him (defendant) and see if he couldn't get a piece of money out of it.'' That testimony was not ob-

jected to and were it not for the errors hereinbefore discussed we would not attempt to determine its relevancy; however, in as much as there must be another trial, we deem it proper to say that the evidence was incompetent as affecting the rights of plaintiff and if it should be offered again and objection made to it, the court should exclude it. It is true that the husband was joined with his wife as a plaintiff in the action, but he was an unnecessary party and his declarations in her absence cannot be admissible as against his wife who is the only real party in interest in the action.

For the reasons stated the judgment is reversed with directions to sustain the motion for a new trial and set the verdict aside and for proceedings consistent with this opinion.