## Johnson v. Taylor.

(Decided Feb. 14, 1933.)

WILSON & ROBINSON for appellant.

WAUGH & HOWERTON and CHARLES PRATER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by J. H. Taylor against Ben Johnson for assault and battery, Taylor recovered a verdict and judgment for $500. Johnson appeals.

The material facts are these: Taylor had contracted to exchange on certain terms a house and lot in Paintsville for a house and lot in Ashland belonging to Johnson. Taylor declined to carry out the agreement on the ground that the price at which the Ashland property was rented had been misrepresented. Johnson claimed that there had been no misrepresentation, and announced that he would whip Taylor unless Taylor made him a deed. Shortly thereafter they met in Ashland. After some conversation, Johnson, according to Taylor and his witnesses, became angry, grabbed Taylor by the face, struck him several times, was all over him, and drove him to his knees. After striking at each other, Taylor got hold of a post and kept kicking at Johnson. Johnson stepped back and said that he wished he had a knife. Nobody gave him a knife, and he turned and went off. Taylor did not call Johnson a name until after Johnson assaulted him. When assaulted, Taylor had his hands in his overcoat pocket. Taylor's lip was cut and bled profusely, and, in addition to other scratches and bruises on his face, there was a gash under his eye an inch and a quarter long and about one-sixteenth of an inch deep. Taylor was

474

a small man, 69 years of age, and Johnson, who was larger than Taylor, was 55 years of age. On the other hand, Johnson claims that Taylor first called him a vile name and struck at him. As Taylor came down, he jerked loose, grabbed Taylor's face, and his glasses fell down, then backed off, and Taylor kicked him on the leg, which had been sore ever since.

It is insisted that a punitive damage instruction should not have been given, and that the verdict is excessive. According to appellee and his witnesses, appellant had announced that, unless appellee made him a deed, he would whip appellee. Appellee did not call appellant a name or strike at him first. On the contrary, appellant began the assault by striking appellee at a time when he had his hands in his overcoat pocket. If this be true, there was no justification for the assault, and it cannot be doubted that the evidence showed that the assault was both malicious and wanton, and therefore sufficient to authorize a punitive damage instruction. McGee v. Vanover, 148 Ky. 737, 147 S. W. 742, Ann. Cas. 1913E, 500. The case being one where the jury was authorized to award punitive damages, it cannot be said that the verdict was excessive.

The principal ground urged for reversal is that the court erred in refusing appellant the burden of proof and the right to make the closing argument. The petition alleged that the defendant "willfully, wrongfully, maliciously, and without right so to do, assaulted, beat and bruised" plaintiff. The first paragraph of the answer was a general denial. The second paragraph is as follows:

"For his further answer the defendant says that at the time and on the occasion mentioned and referred to in plaintiff's petition, the defendant approached the plaintiff to procure him to execute a deed to him for property which he had agreed to convey to this defendant, and that before any of the alleged acts referred to in plaintiff's petition occurred the plaintiff called the defendant a son of a bitch and struck and injured the defendant on the mouth with his fist; and the defendant in an effort to knock off the plaintiff's lick with his hand and prevent injury to himself necessarily threw out his hand which struck the plaintiff in the face and in contact with spectacles which plaintiff was wear-

ing, from which plaintiff's face was scratched, which scratches were the only injuries received by plaintiff. That the plaintiff continued to strike and strike at the defendant and to kick and kick at him, and that the defendant struck and struck at the plaintiff's arms and fists only for the purpose of warding off the blows of the plaintiff at the time they were made and solely to protect himself from injury and bodily harm then and there about to be inflicted on him by the plaintiff, and used no more force than was reasonably necessary to repel the said blows and kicks inflicted upon him and aimed at him by the plaintiff in said difficulty. That the plaintiff himself brought on, willingly engaged in, and at all times continued and urged said difficulty from its inception to its conclusion, without the fault or provocation on the part of this defendant, who at all times and in all things connected therewith, acted solely in his necessary self defense; and that the injuries above referred to in plaintiff's petition are the scratches above mentioned and were sustained by him in his acts in bringing on, willingly engaging in, continuing and urging said difficulty as above set out and not otherwise.''

It is the rule in this state that an admission of the assault, accompanied by a plea of son assault demesne, places on the defendant the burden of proof, with the accompanying right to conclude the argument, and the denial of this right is reversible error. Pitman v. Drown, 175 Ky. 677, 194 S. W. 913; Shirley v. Renick, 151 Ky. 25, 151 S. W. 357. It is also the rule that a denial, as in this case, ''that he willfully, wrongfully, maliciously, or without right so to do, assaulted, beat or bruised plaintiff,'' admits the assault. Sipple v. Kehr, 176 Ky. 698, 197 S. W. 391; Pitman v. Drown, supra. It remains to determine whether the second paragraph of the answer was a sufficient plea of son assault demesne. Appellee insists that the facts pleaded bring the case within the doctrine laid down in Doerhoefer v. Shewmaker, 123 Ky. 646, 97 S. W. 7, 9, 29 Ky. Law Rep. 1193, where the court said:

''The third ground urged for reversal is, we think, untenable. The defense interposed by the answer is purely one of mitigation. It confesses the assault and battery complained of, affirmatively

476

pleads the particular facts and circumstances which provoked it, and denies any injury or damage to appellee. But the facts pleaded do not amount to justification, or a plea in avoidance, because if true they did not excuse the assault and battery. The same facts could have been proved on the trial by appellant in mitigation of damages had the answer only contained a traverse."

It is at once apparent that the second paragraph of the answer in question goes further than the answer in that case. It alleges, in substance, that, before defendant made any attack on plaintiff, plaintiff called defendant a vile name and struck him on the mouth with his fist; that defendant struck plaintiff only for the purpose of warding off the blows of the plaintiff, and solely to protect himself from injury and bodily harm then and there about to be inflicted on him by plaintiff, and that he used no more force than was reasonably necessary to repel said blows; that plaintiff brought on and continued the difficulty without fault or provocation on the part of the defendant; and that the defendant at all times, and in all things acted solely in his necessary self-defense. In effect this language is substantially the same as that held in Sipple v. Kehr, supra, to be a good plea of son assault demesne. It follows that appellant should have been awarded the burden of proof and the right to conclude the argument.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.