Melinda Suzanne COLEMAN,
Appellant,

v.

Nicholas Bertram COLEMAN,
Appellee.

No. 2010–CA–000277–ME.

Court of Appeals of Kentucky.

Oct. 1, 2010.

Theodore H. Lavit, Joseph R. Stewart, Lebanon, KY, for appellant.

E. Gregory Goatley, Springfield, KY, for appellee.

Before ACREE and NICKELL, Judges; HARRIS,[1] Senior Judge.

## OPINION

HARRIS, Senior Judge:

This appeal is from the Washington Circuit Court's order denying Melinda Coleman's motion to modify the joint custody of her and Nicholas Coleman's minor children. For the reasons stated herein, we vacate and remand.

Nicholas and Melinda Coleman were divorced by a decree entered January 9, 2004. Pursuant to the decree, the parties had joint custody of their minor children, ages seven and ten. Under the arrangement, each parent had the children four days a week and three days on alternate weeks.

Melinda[2] filed a motion and affidavit for a change of custody. In the affidavit, Melinda stated that it would be in the best interests of the children if they resided primarily with Melinda. Melinda also made allegations in the affidavit that Nicholas drank excessively in the presence of

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. We sometimes refer to the parties by their given names for the sake of clarity and with no disrespect intended.

the children, and that the children had bruises from the whippings administered by Nicholas. Nicholas subsequently filed an affidavit denying the allegations. The local social services office investigated Melinda's claims and found them to be unsubstantiated.

Thereafter, a lengthy hearing was held at which Melinda testified that since the divorce she has had several different jobs, has had two domestic partners living with her in the presence of her children, and has moved to several different residences in two different counties.

After the trial court had heard Melinda's testimony, she requested to call her ten-year-old daughter to testify in the case. The trial court denied Melinda's request, stating his concerns about the girl's age and the pressure that testifying would put on her. The trial judge also expressed concerns about putting a child of that age in the position of having to choose between her parents.

Counsel for Melinda then requested that the trial court permit the testimony of the child by avowal, which the trial court also denied. Finally, Melinda's counsel requested that the trial court interview the child in chambers and outside of the presence of the parties or counsel, which request was also denied.

In a subsequent order, the trial court denied Melinda's motion to modify custody, finding that the children were performing adequately in school and that they appeared to be well cared for under the existing arrangements. The trial judge found that Melinda had failed to meet the burden of proof of a change of circumstances so substantial and continuing as to justify a modification of custody. This appeal followed.

■ Melinda argues that the trial court committed palpable error by not permitting the testimony of the child by avowal, and that the trial court abused its discretion when it declined to interview the child in chambers.

Melinda cites the cases of *Noel v. Commonwealth*, 76 S.W.3d 923 (Ky.2002), and *Commonwealth v. Ferrell*, 17 S.W.3d 520 (Ky.2000), for the proposition that the trial court erred in not taking the testimony of the child by avowal or interviewing the child. However, unlike in criminal and other civil cases, the decision whether to interview the child is discretionary with the court. KRS 403.290(1); *Brown v. Brown*, 510 S.W.2d 14, 16 (Ky.1974). KRS 403.290 states that the Court *may* interview the child in chambers to ascertain the child's wishes as to custody. The language of the statute is permissive and is left to the sound discretion of the trial judge. Therefore, we do not find that the trial court's decision refusing to interview the child in chambers was an abuse of discretion.

■ Melinda also argues that the trial court erred in excluding the child from being called as a witness. Under Kentucky Rule of Evidence (KRE) 601(a), all persons are qualified to testify as a witness and are presumed competent unless the trial court makes a specific determination of incompetency pursuant to the rule. Specifically, the trial court must determine whether the witness: "(1) Lacked the capacity to perceive accurately the matters about which he proposes to testify; (2) Lacks the capacity to recollect facts; (3) Lacks the capacity to express himself so as to be understood, either directly or through an interpreter; or (4) Lacks the capacity to understand the obligation of a witness to tell the truth." KRE 601(b)(1)-(4).

In *Leahman v. Broughton*, 196 Ky. 146, 244 S.W. 403 (1922), the Court found that it was reversible error for the trial court to

exclude the testimony of an eight-year-old girl when the trial court made no determination as to the child's competency. Specifically, the Court stated that:

> understanding and intelligence, rather than age, is the test to be applied in determining the competency of an infant to testify as a witness in either civil or criminal cases, and ... it is common practice to admit the testimony of children 8 and 9 years of age where they seem to understand the obligation of an oath.

*Id.* at 404. (Internal quotations omitted). This case makes clear that anyone may testify as long as they are deemed to be competent.

However, under KRE 611(a)(3), the trial court retains discretion to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ... [p]rotect witnesses from harassment or undue embarrassment." KRE 611(a)(3).

In this case, it does not appear that Nicholas challenged the child's competency as a witness, nor does it appear that the trial court made a determination as to the child's competency as a witness. Rather, the trial court based its decision on concerns about the young age of the child and the potentially lasting effects resulting from the child testifying.

We believe that it was error to exclude the child's testimony without a preliminary examination by the trial judge to determine her competency and, therefore, remand the case for further proceedings. We note that if an issue is raised on remand regarding the child's competency, the trial court may determine the competency of the child under KRE 601, and the trial court has the authority under KRE 611(a)(3) to protect the child from harassment or undue embarrassment.

For the foregoing reasons, the order of the Washington Circuit Court is vacated and this case is remanded to Washington Circuit Court for further proceedings on Melinda's motion to modify the joint custody consistent with this opinion.

ALL CONCUR.