# Allnut v. Stewart, Guardian of Allie Allnut, and Allie Allnut.

(Decided November 11, 1921.)

## Appeal from Kenton Circuit Court.

1. Pleading—Action Against Guardian for Services Rendered.—The petition of a stepmother against the guardian of her infant stepson for personal services rendered the latter in the home and without a contract during her husband's lifetime, did not state a cause of action since she stood in loco parentis and there is no implied promise to pay for services so rendered.

2. Pleading—Action Against Guardian for Services Rendered.—Even assuming the petition stated a cause of action for services performed after the death of the husband and father and while the stepmother and son continued to reside together in the home of the latter the dismissal of the petition upon a submission on the pleadings and without proof must be affirmed where the answer denied the performance of the services and in addition pleaded a contract in avoidance of certain admitted services which were not effectively denied.

3. Pleading—Conjunstive Allegations.—A denial of several conjunctive allegations must be disjunctive.

WM. A. BYRNE for appellant.

PERRY & CAMMACK, O. M. ROGERS and A. M. BAKER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant, Dora Allnut, and Thomas R. Allnut were married in 1907, at which time appellee, Allie Allnut, a son of Thomas by a former marriage, was seven years of age. In 1908 Allie lost both legs in a railroad accident and in December, 1916, his father died. During all of this time Allie lived with his father and stepmother, and he and his stepmother continued to live together in the home, which belonged to Allie, until March, 1918.

By this action Mrs. Allnut seeks to recover of her infant stepson the sum of $5,000.00, alleged to be the reasonable value of services performed by her in caring for and waiting upon him from the time of his accident in 1908 until they ceased to live together in March, 1918, and during all of which time she avers in her petition "that in all things she was a mother to him."

The petition makes it clear, we think, that at least during the lifetime of the husband and father, plaintiff stood

in *loco parentis* and occupied exactly the same relation to her stepson with reference to these services as if she had been his mother in fact. 29 Cyc. 1671; Dixon v. Hosick, 101 Ky. 231, 41 S. W. 282; Oliver, Gdn. v. Gardner, 192 Ky. 89, 232 S. W. 418. In the last named case, where many additional authorities are cited, this court said:

"The rule is firmly established, perhaps without exception, that where parties occupy towards each other a family or domestic relationship and where they occupy the same home and render mutual services for the benefit of all, there will be no implied contract raised in favor of any of them as against any of the others for compensation for such services. This rule not only applies to blood relatives but it likewise includes step-parents and step-children and other strangers in blood who occupy a family or domestic relationship toward each other."

The case of Funk's Guardian v. Funk, 130 Ky. 354, 113 S. W. 419, is not in point since that involved only the equitable right of a parent to an allowance out of the estate of her child for necessaries the parent was unable to provide and to which the child's ability to pay entitled it; and not as here to personal services which the parent was able to and did perform.

Hence the petition did not state a cause of action for the services performed during the lifetime of plaintiff's husband, and while the family relationship of parent and child certainly existed between plaintiff and her husband toward defendant.

Therefore, if the petition states a cause of action at all it is for such services as were performed by the plaintiff for the defendant after the death of the husband and father, and of this we are extremely doubtful, but for the purposes of this case we may asume that it does, since even so the judgment dismissing appellant's petition must be affirmed.

After the demurrer to the petition had been overruled the defendant, Allie Allnut, and his statutory guardian filed an answer and amendment thereto containing four paragraphs.

The first paragraph denies the performance by plaintiff of every service alleged in the petition. The second paragraph is a plea of limitation. The third alleges that the only services performed by the plaintiff for the defendant after the death of Thomas Allnut were in attendance upon the ordinary household duties, and

that same were performed by plaintiff under the contract entered into between her and the defendant's guardian by the terms of which she was to keep the house and perform the ordinary household duties in consideration of defendant's furnishing the house and providing the living for the two of them and that he had fully performed his part of the contract. The fourth paragraph pleads as a bar to plaintiff's right of recovery the fact that the father of the defendant while alive and living with the plaintiff as her husband recovered of the railroad company the sum of $1,500.00 for the loss of his son's services by reason of the accident in which he lost his legs.

A demurrer was sustained to the second paragraph but overruled as to the fourth and plaintiff by reply denied only and conjunctively the several terms of the contract set up in the third paragraph of the answer. The cause was then submitted to the court by agreement upon the pleadings and without proof.

Conceding that the court erred in overruling the demurrer to the fourth paragraph of the answer, a judgment for the defendant was nevertheless inevitable upon the pleadings since not only was the rendition of all the services sued for denied by the first paragraph of the answer but in addition the attempted denial by reply of the contract and performance pleaded in the third paragraph of the answer in avoidance of liability for such services as were therein admitted to have been performed after the death of Thomas Allnut was in fact no denial thereof but an admission rather of same as pleaded.

It is an elementary rule of pleading that a denial of several conjunctive allegations must be disjunctive and that the conjunctive denial thereof is no denial in law, since it is simply a denial that all of the allegations are true and necessarily an admission that some or all but one of such allegations are true; and as the pleader has thus left it in doubt and uncertainty which of the allegations he means to deny, he must bear the consequences since there is no aider in law to such pleading. Taylor v. Farmer, 81 Ky. 458, 5 R. 487; Pitman v. Drown, 175 Ky. 677, 194 S. W. 913.

Wherefore, the judgment is affirmed.