## Rudd v. Fineberg's Trustee et al.

March 21, 1939.

Churchill Humphrey, Judge.

J. PAUL KEITH, JR., and WOODWARD, DAWSON & HOBSON for appellant.

FINLEY GIBSON, JR., for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Albert Rudd brought an action against Harold

Rudd and the Fidelity & Columbia Trust Company, trustee under the will of Eva Fineberg for Harold Rudd, to recover $2,380, with interest from June 1, 1934, subject to certain credits aggregating $140.

Albert Rudd and Harold Rudd are brothers. Their mother, Eva Fineberg, died August 23, 1927, when Harold was 13 years of age. By her will she devised Harold's portion of her estate to the Fidelity & Columbia Trust Company to be held in trust for him until he arrived at the age of 25 years. On July 13, 1928, Albert Rudd was appointed guardian for his infant brother. After their mother's death Harold lived with his older brother until June 1, 1934, when he obtained employment and left appellant's home. He reached his majority June 22, 1935. In his petition, which was filed December 31, 1936, appellant alleged that he "entered into a contract with himself as guardian for Harold Rudd whereby he agreed that in consideration of his furnishing board, room and education to the ward at the price of $10 per week that this amount would be charged to and paid for by the ward's estate." Thereafter, he filed an amended and substituted petition in which he alleged that on July 13, 1928, he was appointed guardian for his brother, Harold Rudd; that neither his father nor mother was living at the time and he took his infant brother into his home and furnished him with board, room, and education from the death of their mother on August 23, 1927, until June 1, 1934; that the Fidelity & Columbia Trust Company, trustee under his mother's will, paid to him for his brother's keep the sum of $10 per week from September, 1927, until November, 1929, and the sum of $140 thereafter; and he asked that he be allowed a reasonable compensation for the room, board, and education furnished his infant ward from November, 1929, until June, 1934. A demurrer to the petition and the amended and substituted petition was sustained, and, the plaintiff having declined to plead further, the petition and the amended and substituted petition were dismissed.

Appellant argues that the facts alleged in his petition show that he did not stand to his ward in loco parentis, but the fact that he was paid compensation for over two years indicates he expected, and that it was understood, he was to be paid. He relies upon Morris v. Brady, 272 Ky. 272, 114 S. W. (2d) 80, and McCoy v Ferguson, 249 Ky. 334, 60 S. W. (2d) 931, 90 A. L. R

891, but those cases are distinguishable on the facts. In Morris v. Brady, the guardian had control of his ward's estate, and he took the ward into his home. For several years he made no charge against his ward for board and maintenance, but in 1918 he met financial reverses and lost all of his property. Beginning January 1, 1919, he charged his ward $3 a week, and in his settlement an allowance at that rate for maintenance of the ward was made. On appeal to this court it was held that the changed conditions and circumstances of the guardian was ample justification for an order of the court authorizing the expenditure, if necessary for the ward's comfort and support. In McCoy v. Ferguson, the question was the propriety of expenditures by the guardian in excess of the income from the ward's estate without first consulting the court. It was merely held that the guardian was entitled to credit for such expenditures for necessaries as the court would have approved if application had been made in advance.

In the present case, the guardian was not in financial difficulties, and there is nothing tending to show that any charge other than the allowance actually made was contemplated. In his original petition the appellant alleged that he made a contract with himself as guardian but such a contract, if made, could not be sustained, and claim for recovery on this ground was abandoned. One who stands to a child in loco parentis is bound for its maintenance, care, and education, and entitled to its services. While one whose father and mother are dead is entitled neither to the custody nor the earnings of his infant brother, yet when he takes him into his home, and assumes the relationship of parent, the reciprocal rights, duties, and obligations of parent and child attach. The rule is stated thus in 46 C. J. 1336:

"As in the case of natural parents, a person standing in loco parentis is bound for the maintenance, care and education of the child, and liable for necessaries furnished to it, and he cannot, while such relation exists, be allowed to assert a claim for the support of the child to whom he stands in such relation, in the absence of an express or implied understanding that he is to be compensated therefor."

In Dixon v. Hosick, 101 Ky. 231, 41 S. W. 282, 19 Ky. Law Rep. 387, it was held that one standing in loco parentis to a child can claim no compensation for its

support in the absence of an express agreement. Cf. Allnut v. Stewart, 192 Ky. 754, 234 S. W. 439; Oliver, Guardian, v. Gardner, 192 Ky. 89, 232 S. W. 418.

We think the demurrer to the petition and amended and substituted petition was properly sustained, and the judgment is affirmed.